1  SHARON L. ANDERSON (SBN 94814)
   County Counsel
2  NIMA E. SOHI (SBN 233199)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, Ninth Floor
4  Martinez, California 94553
   Telephone:    (925) 335-1800
5  Facsimile:    (925) 335-1866
   Electronic Mail: nima.sohi@cc.cccounty.us
6
   Attorneys for Defendant
7  COUNTY OF CONTRA COSTA

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  DAVID COOK,                          No. C15-05099 TEH

13            Plaintiff,                 DEFENDANT COUNTY OF CONTRA
                                         COSTA'S NOTICE OF MOTION
14  v.                                   AND MOTION TO DISMISS ALL CLAIMS
                                         IN PLAINTIFF'S FIRST AMENDED
15  COUNTY OF CONTRA COSTA, and          COMPLAINT; MEMORANDUM OF POINTS
    DOES 1 to 100, inclusive,            AND AUTHORITIES
16
            Defendants.                  [Fed. R. Civ. P. 12(b)(6)]
17

18                                       Date:   December 21, 2015
                                         Time:   10:00 a.m.
19                                       Crtrm:  2, 17th Floor
                                         Judge:  Hon. Thelton E. Henderson, Presiding
20
                                         Date Action Filed:  May 5, 2015
21                                       Trial Date:  None Assigned

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

3   NOTICE OF MOTION AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6   II.     ISSUES TO BE DECIDED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7   III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE FAC. . . . . . . . . . . . . . . . 2

8   IV.     LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9   V.      LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10          A.      The FAC's State Law Causes Of Action Fail As A Matter Of Law.. . . . . . . . . . 5

11                  1.      The First And Second Causes Of Action Fail Because The County Is
                            Immune From Liability For Injuries To Prisoners As A Result Of
12                          Negligence Or A Dangerous Condition Of Its Property.. . . . . . . . . . . . . . 5

13                  2.      Even Without Immunity, The First Cause Of Action Fails As A
                            Matter of Law Because The County Cannot Be Held Directly Liable
14                          Under A General Negligence Theory.. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15                  3.      The First and Second Causes of Action Also Fail On A Vicarious
                            Liability Theory.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
16
                    B.      The FAC Fails To State A Section 1983 *Monell* Claim Against The County.. . . 9
17
    VI.     CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
18

19

20

21

22

23

24

25

26

27

28

1

## **<u>TABLE OF AUTHORITIES</u>**

2

3 **<u>Cases</u>**

4 *AE v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5 *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

6 *Alston v. Cnty. of Sacramento*, 2012 U.S. Dist. LEXIS 95494 (E.D. Cal. July 10, 2012).. . . . 12

7 *Anderson v. Warner*, 451 F.3d 1063 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8 *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11, 12

9 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . 4

10 *Bassett v. Lakeside Inn, Inc.*, 140 Cal. App. 4th 863 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 *Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997). . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 12

12 *Bedford v. City of Hayward,* 2012 U.S. Dist. LEXIS 148875 (N.D. Cal. Oct. 15, 2012). . . . . 10

13 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11, 12

14 *Brenner v. City of El Cajon*, 113 Cal. App. 4th 434 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

15 *City of Canton v. Harris*, 489 U.S. 378 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

16 *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

17 *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242 (9th Cir. 1990). . . . 5

19 *Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

20 *Eastburn v. Regional Fire Prot. Authority*, 31 Cal. 4th 1175 (2003). . . . . . . . . . . . . . . . . . . . 7

21 *Graham v. Connor*, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

22 *Haggis v. City of Los Angeles*, 22 Cal. 4th 490 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

23 *In re Groundswater Cases*, 154 Cal. App. 4th 659 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24 *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

25 *Longfellow v. Cnty. of San Luis Obispo*, 144 Cal. App. 3d 379 (1983).. . . . . . . . . . . . . . . . 8, 9

26 *Mahach-Watkins v. Depee*, 2005 U.S. Dist. LEXIS 49688 (N.D. Cal. July 11, 2005). . . . . . . 7

27 *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES –
Case No. C15-05099 TEH

ii

g

*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

*NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ortiz v. Cnty. of Sonoma*, 2014 U.S. Dist. LEXIS 47161 (N.D. Cal. Apr. 4, 2014). . . . . . . . 6

*Papasan v. Allain*, 478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Plumeaua v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432 (9th Cir. 1997). . . . . . . . . . . 10

*Porter v. Nussle*, 534 U.S. 516 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sahley v. Cnty. of San Diego*, 69 Cal. App. 3d 347 (1977). . . . . . . . . . . . . . . . . . . . . . . . 6

*Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792 (1986). . . . . . . . . . . . . . . . . . . 7

*Susman v. City of Los Angeles*, 269 Cal. App. 2d 803 (1969). . . . . . . . . . . . . . . . . . . . . . 7

*Van Kempen v. Hayward Area Park, Recreation & Park Dist.*, 23 Cal. App. 3d 822 (1972). . . 8

*Vance v. Peters*, 97 F.3d 987 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*West v. Atkins*, 487 U.S. 42 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wheat v. Cnty. of Alameda*, 2012 U.S. Dist. LEXIS 38472 (N.D. Cal. Mar. 21, 2012). . . . . . 7

*Zelig v. Cnty. of Los Angeles*, 27 Cal. 4th 1112 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zuniga v. Housing Authority*, 41 Cal. App. 4th 82 (1995). . . . . . . . . . . . . . . . . . . . . . . . . 6

**Statutes and Rules**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10, 12

42 U.S.C. § 1997. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Government Code section 815. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

California Government Code section 815.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

California Government Code section 815.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

California Government Code section 830. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6, 8

California Government Code section 835. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

California Government Code section 835.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Government Code section 840. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

California Government Code section 844. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES –
Case No. C15-05099 TEH                                                              iii

1

California Government Code section 844.6.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

California Government Code section 845.2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule of Civil Procedure 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2
**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3       PLEASE TAKE NOTICE that on Monday, December 21, 2015, at 10:00 a.m., or as

4 soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden

5 Gate Avenue, San Francisco, California, Defendant COUNTY OF CONTRA COSTA will and

6 hereby does move this Court for an order under Federal Rule of Civil Procedure 12(b)(6)

7 dismissing all claims for relief asserted in the First Amended Complaint because they fail to

8 allege sufficient facts to state a claim for relief.

9       This motion is supported by this notice, the memorandum of points and authorities, all

10 the papers and records on file in this action, and such other materials as may be submitted at or

11 before the hearing on the motion.

12

**MEMORANDUM OF POINTS AND AUTHORITIES**

13 **I.       INTRODUCTION**

14       Plaintiff David Cook ("Plaintiff") alleges that on September 26, 2014**,** he slipped and

15 fell on stairs while incarcerated at the West County Detention Facility ("WCDF") in

16 Richmond, California.  The First Amended Complaint ("FAC") asserts both state and federal

17 causes of action against the County of Contra Costa ("Defendant" or "County") arising out of

18 the slip-and-fall accident.[1]  The state law causes of action for negligence and dangerous

19 condition of public property fail because under California law, the County is immune from

20 liability for injuries to prisoners, whether under a negligence or premises liability theory.

21 Therefore, the first and second causes of action of the FAC must be dismissed without leave to

22 amend.

23       Plaintiff's FAC also falls woefully short of stating a Section 1983 federal claim against

24 the County.  Namely, Plaintiff alleges that he received improper clothing and shelter at the jail,

25 ───────────────

26       [1] Plaintiff, *in pro per*, filed the original complaint on May 5, 2015, in state court.  That complaint was never served on the County.  Plaintiff, through counsel, then filed the instant
27 FAC on September 10, 2015, in state court.  Service of the FAC and summons was completed on October 26, 2015.  Defendant Contra Costa County removed this action to the Northern
28 District on November 6, 2015, pursuant to 28 U.S.C. §1441(a).  *See* ECF Doc. No. 1.

───────────────

and was deprived of basic medical services following his accident, in violation of his constitutional rights.  But the FAC does not even include conclusory, boilerplate statements of the *Monell* elements.  Plaintiff fails to allege *any* County policies, customs or practices that caused a constitutional violation.  Thus, Plaintiff's Section 1983 claim against the County must also be dismissed.

## II.     ISSUES TO BE DECIDED

1.     Do the first and second claims for relief fail because Defendant County of Contra Costa is immune from liability under California law for injuries to Plaintiff, a prisoner, arising from negligence or an alleged dangerous condition of public property?

2.     Must the first claim for relief against Defendant County of Contra Costa be dismissed because it fails to identify a statute to hold the County liable for General Negligence under California law?

3.     Do the first and second claims for relief against Defendant County of Contra Costa fail because there is no vicarious liability for an alleged dangerous condition of public property under California law?

4.     Does the third claim for relief under 42 U.S.C. § 1983 against Defendant County of Contra Costa fail to allege facts to establish *Monell* liability, i.e., that official policy, custom, or practice was the moving force behind any constitutional violation?

## III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE FAC

The salient, non-conclusory allegations of Plaintiff's FAC are as follows.[2]  On September 26, 2014, Plaintiff was in the custody of the Sheriff of the County of Contra Costa, and an inmate at the WCDF, in Richmond, California.  FAC, Second Cause of Action.  On September 26, 2014, Plaintiff slipped and fell on a staircase at the WCDF after stepping on an unknown slippery substance.  *Id.*  Plaintiff's face and head hit one or more portions of the staircase, causing injuries to Plaintiff's left eye and nearby bone and tissue, and trauma to his

---

[2] Facts from the FAC are accepted as true for the purposes of this motion only.  Plaintiff did not include paragraph numbers in the FAC so all citations to the FAC in this motion will be to the specific cause of action only.

---

1   head and face.  *Id.*

2       Plaintiff alleges that the County, acting through the Sheriff, and Sheriff's Deputies and

3   other "Doe" employees, *inter alia*, negligently failed to maintain, inspect, supervise, and

4   operate the premises at the WCDF, allowing the staircase in Plaintiff's housing unit to become

5   unreasonably hazardous, and causing the premises to be in a dangerous condition.  FAC, First

6   and Second Causes of Action.  Plaintiff alleges that Defendants, and each of them, created the

7   dangerous condition within the scope of their employment, and knew or should have known

8   that such a condition existed, and that their negligence caused the injuries.  *Id.*  Plaintiff further

9   alleges that Defendant negligently trained and supervised the Sheriff Deputies and other

10  employees, and negligently clothed Plaintiff with shoes inadequate for the dangerous condition

11  of the staircase.  FAC, Second Cause of Action.  Plaintiff does not cite to any statutes under

12  the first cause of action for "General Negligence," and cites to California Government Code

13  sections 830, subdivision (a), and 835, as the basis for the County's liability under the second

14  cause of action for "Premises Liability."  FAC, First and Second Causes of Action.

15      In his federal claim, Plaintiff incorporates by reference the allegations of negligence

16  and premises liability, and asserts that Defendant deprived Plaintiff of certain rights and

17  privileges, in violation of 42 U.S.C. § 1983.  FAC, Third Cause of Action.[3]  Specifically,

18  Plaintiff alleges that Defendant, through the Sheriff and its Deputies and employees, "deprived

19  Plaintiff of the basic clothing, shelter, sanitation and personal safety which is one of the

20  minimal civilized measures of life's necessities, proximately causing injury to Plaintiff as

21  described above."  *Id.*  In addition, Plaintiff alleges that Defendant, through the Sheriff and its

22  Deputies and employees, "acted under color of the law and with deliberate indifference to

23  deprive Plaintiff of basic medical services" following the accident on September 26, 2014,

24  until Plaintiff was released from custody on December 16, 2014.  *Id.*

25

26  _____

27      [3] The FAC does not specifically refer to the Section 1983 claim as the "third cause of
    action."  But for purposes of this motion, Defendant treats the claim for relief under 42 U.S.C.
28  § 1983, found at page 7 of 7 of the FAC, as the third cause of action in the FAC.

1    IV.    **LEGAL STANDARD**

2          Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and

3    granted when the complaint fails "to state a claim upon which relief may be granted."

4    Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

5    theory or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police*

6    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended), *abrogated on other grounds by Bell*

7    *Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).  All material allegations in the complaint

8    will be taken as true and construed in the light most favorable to the plaintiff.  *NL Indus., Inc.*

9    *v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

10         The Federal Rules require that a complaint include a "short and plain statement of the

11   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to

12   survive a motion to dismiss, a plaintiff must allege facts that are enough to raise his right to

13   relief "above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint must offer "more

14   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

15   not do."  *Id.*  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual

16   allegation.'"  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  If a plaintiff's

17   allegations do not bring his "claims across the line from conceivable to plausible, [his]

18   complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility

19   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

20   that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

21   (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

22   more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  The standard

23   "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

24   Thus, a complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" is

25   insufficient.  *Id.* (quoting *Twombly*, 550 U.S. at 557).

26         Under California law, when a plaintiff files a complaint against a public entity, general

27   allegations are insufficient; claims against public entities must be specifically pleaded to allow

28   the entity and the court to determine if any of the numerous statutory limitations and

---

1  restrictions on such actions apply.  *See, e.g., Brenner v. City of El Cajon*, 113 Cal. App. 4th

2  434, 439 (2003).  When granting a motion to dismiss, a court is not required to grant leave to

3  amend if amendment would be futile.  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*

4  *Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

5  **V.   LEGAL ARGUMENT**

6      **A.   The FAC's State Law Causes Of Action Fail As A Matter Of Law.**

7          **1.   The First And Second Causes Of Action Fail Because The County Is

8              Immune From Liability For Injuries To Prisoners As A Result Of
Negligence Or A Dangerous Condition Of Its Property.**

9      Under California law, any action against a public entity, including one for premises

10  liability, must be based upon statute.  Gov. Code, § 815, subd. (a); *see also infra*, Section

11  V.A.2.  To prove a premises liability action against a public entity for an injury caused by a

12  dangerous condition of public property, a plaintiff must establish the essential elements of

13  liability as set forth in Government Code section 835.[4]  Here, Plaintiff cites to Government

14  Code sections 830 and 835 as the basis for County liability under the second cause of action,

15  titled "Premises Liability."  And Plaintiff's first cause of action for "General Negligence" is

16  essentially the same premises liability cause of action, regarding the "dangerous condition of

17  the premises," i.e., the stairs at the WCDF, but titled differently and without reference to any

18  statutes.  *See supra*, Section III.

19      Regardless of whether Plaintiff has met the elements to state a negligence or premises

20  liability cause of action against a public entity, the County is immune from liability on either

21  claim.  Pursuant to California Government Code section 844.6, a public entity is immune from

22  a prisoner's claim for injuries arising from negligence or a dangerous condition of public

23  _____

24      [4] Under Section 835, a public entity is liable for injury caused by a dangerous condition
of its property if the plaintiff establishes that the property was in a dangerous condition at the

25  time of the injury, that the injury was proximately caused by the dangerous condition, that the
dangerous condition created a reasonably foreseeable risk of the kind of injury that occurred,

26  and that either a negligent or wrongful act or omission of an employee within the scope of his
employment created the dangerous condition or the public entity had actual or constructive

27  notice of the dangerous condition a sufficient time prior to the injury to have taken measures to
protect against the condition.  Gov. Code, § 835; *Bassett v. Lakeside Inn, Inc.*, 140 Cal. App.

28  4th 863, 868 (2006).

1  property.  Section 844.6 states in part:

2      (a) Notwithstanding any other provision of this part . . . a <u>public entity is not liable for</u>:

3      (1) An injury proximately caused by any prisoner.

4      (2) **An injury to any prisoner**.

5      (c) **Except for an injury to a prisoner**, nothing in this section prevents recovery from

6  the public entity for an injury resulting from the dangerous condition of public property under

7  Chapter 2 (commending with Section 830) of this part.  Gov. Code, § 844.6 (emphasis added).

8      As used in Government Code section 844.6, "'prisoner' includes an inmate of a prison,

9  jail, or penal or correctional facility."  Gov. Code, § 844.  And for purposes of Section 844.6

10  immunity, a person "becomes a prisoner, as a matter of law, upon his or her initial entry into a

11  prison, jail, or penal or correctional facility. . . ."  *Id.*  Section 844.6 is an immunity provision

12  that prevails over liability imposed by any other statutes.  *See Zuniga v. Housing Authority*, 41

13  Cal. App. 4th 82, 92 (1995).

14      Here, Plaintiff was an inmate at the WCDF at the time of his alleged injuries, i.e., in a

15  jail or correctional facility, and therefore was a "prisoner" for purposes of Section 844.6.  *See*

16  FAC, Second Cause of Action; *supra* Section III.  He alleges he suffered injuries as a result of

17  negligence and a dangerous condition at the WCDF on September 26, 2014.  *Id.*  Therefore,

18  under Section 844.6, the County is immune from liability as to Plaintiff's first and second

19  causes of action arising from the alleged dangerous condition of public property, and the

20  claims should be dismissed *with prejudice* as a matter of law.[5]  Gov. Code, § 844.6, subd.

21  (a)(2), (c); *see also Sahley v. Cnty. of San Diego*, 69 Cal. App. 3d 347, 348-49 (1977)

22  (dismissing complaint pursuant to Section 844.6 immunity in action for personal injuries

23  sustained when plaintiff slipped and fell in the shower at the county jail); *Ortiz v. Cnty. of*

24  *Sonoma*, 2014 U.S. Dist. LEXIS 47161, at *8 (N.D. Cal. Apr. 4, 2014) (dismissing prisoner's

25   

26      [5] The County is also immune from any claims relating to improper clothing, equipment, or facilities, under Government Code section 845.2.  "[N]either a public entity nor a public

27  employee is liable for failure to provide a prison, jail or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein."

28  Gov. Code, § 845.2.

dangerous condition of public property claim for injuries suffered in county jail pursuant to
Section 844.6 immunity *without leave to amend*) (emphasis added); *Wheat v. Cnty. of
Alameda*, 2012 U.S. Dist. LEXIS 38472, at *18-19 (N.D. Cal. Mar. 21, 2012) (dismissing
prisoner's various state law claims against a county pursuant to Section 844.6 immunity
*without leave to amend*) (emphasis added).

### 2. Even Without Immunity, The First Cause Of Action Fails As A Matter of Law Because The County Cannot Be Held Directly Liable Under A General Negligence Theory.

Under the California Tort Claims Act (also known as Government Claims Act),
"[e]xcept as otherwise provided by statute: (a) A public entity is not liable for an injury,
whether such injury arises out of an act or omission of the public entity or a public employee
or any other person." Gov. Code, § 815, subd. (a); *see also Eastburn v. Regional Fire Prot.
Authority*, 31 Cal. 4th 1175, 1183 (2003); *Zelig v. Cnty. of Los Angeles*, 27 Cal. 4th 1112, 1127
(2002). "[T]here is no common law tort liability for public entities in California." *See In re
Groundswater Cases*, 154 Cal. App. 4th 659, 688 (2007).

To state a cause of action against the County, Plaintiff must identify a specific statute
and show that it imposes a mandatory duty on the part of the County. *Haggis v. City of Los
Angeles*, 22 Cal. 4th 490, 498-99 (2000); *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d
792, 802 (1986); Gov. Code, §§ 815, subd. (a), 815.6. Every fact essential to the existence of
statutory liability must be pleaded with particularity. *Susman v. City of Los Angeles*, 269 Cal.
App. 2d 803, 809 (1969); *Brenner, supra,* 113 Cal. App. 4th at 439; *Mahach-Watkins v.
Depee*, 2005 U.S. Dist. LEXIS 49688, at *7 (N.D. Cal. July 11, 2005).

Here, Plaintiff does not identify any statutes under the "General Negligence" cause of
action. Accordingly, Plaintiff first cause of action against the County for "General
Negligence" fails as a matter of law.

### 3. The First and Second Causes of Action Also Fail On A Vicarious Liability Theory.

Government Code section 815.2 provides that public entities are liable for injuries
caused by their employees within the scope of their employment "if the act or omission would,

---

1   apart from this section, have given rise to a cause of action against that employee." Plaintiff

2   does not cite to Government Code section 815.2 anywhere in the FAC. But even assuming

3   Plaintiff's first cause of action is premised on a vicarious liability theory, the negligence claim

4   fails because as a preliminary issue, Plaintiff fails to plead an essential element of any

5   negligence claim, i.e., there is no allegation of duties owed or breached by any employee. *See*

6   FAC, First Cause of Action. To state a claim for negligence, a plaintiff must allege: (1) the

7   defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4)

8   resulting injury to the plaintiff. *See, e.g., Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001).

9          In addition, the general rule of vicarious liability of public entities for employee

10  negligence (§ 815.2) *does not apply* in dangerous condition cases. *Longfellow v. Cnty. of San*

11  *Luis Obispo*, 144 Cal. App. 3d 379, 383 (1983); *Van Kempen v. Hayward Area Park,*

12  *Recreation & Park Dist.*, 23 Cal. App. 3d 822, 825 (1972). The sole statutory basis for

13  imposing liability on public entities as property owners must be based on the applicable

14  provisions of Government Code sections 830 - 835.4. *Id.* Indeed, Government Code section

15  840 makes it explicit that, "[a] public employee is not liable for injuries caused by a condition

16  of public property where such condition exists because of any act or omission of such

17  employee within the scope of his employment." Gov. Code, § 840; *Longfellow,* 144 Cal. App.

18  3d at 383; *Van Kempen*, 23 Cal. App. 3d at 825. Where the employee is immune from

19  liability, the public entity is also immune. *See* Gov. Code, § 815.2, subd. (b) ("Except as

20  otherwise provided by statute, a public entity is not liable for injury resulting from an act or

21  omission of an employee of the public entity where the employee is immune from liability.");

22  *Longfellow,* 144 Cal. App. 3d at 383; *Van Kempen*, 23 Cal. App. 3d at 825.

23         Here, notwithstanding Plaintiff's attempt to phrase the theory of recovery differently

24  (General Negligence versus Premises Liability), the first cause of action, like the second cause

25  of action, is based on allegations concerning a dangerous condition of public property, i.e., the

26  condition of the stairwell at the WCDF where Plaintiff allegedly slipped and fell. And like in

27  *Longfellow*, Plaintiff alleges simply that employees' acts and omissions, "within the scope of

28  their employment," "caused" the dangerous condition, or the condition was not repaired by

employees.  *See* FAC, First and Second Causes of Action.

As set forth above, the first and second causes of action both fail to state any vicarious liability theory.  Section 815.2 does not apply to claims based on a dangerous condition of public property, and "since the employee is immune [under Section 840], the [County] cannot be held liable for the acts of the employee and [Plaintiff] ha[s] no such cause of action." *Longfellow,* 144 Cal. App. 3d at 383.  Therefore, the first and second causes of action should be dismissed without leave to amend.

**B.    The FAC Fails To State A Section 1983 *Monell* Claim Against The County.**

The FAC's third cause of action seeks damages solely against the County under Section 1983.  Section 1983 is not itself a source of substantive rights, but merely provides a vehicle for a plaintiff to bring federal statutory or constitutional challenges to actions by state and local officials.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  To state a claim under Section 1983, a plaintiff must allege that the defendant acted under color of state law and deprived plaintiff of a federal or constitutional right.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, Plaintiff must show each defendant caused or personally participated in causing the harm alleged in the complaint.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations and quotations omitted).

Here, to the extent Plaintiff seeks to impose *respondeat superior* liability on the County, the FAC fails to state a claim under Section 1983.  Under Section 1983, a local government cannot be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Therefore, even if Plaintiff could prove that a County employee failed to provide him "basic medical services," or deprived him of "basic clothing, shelter, sanitation and personal safety" (FAC, Third Cause of Action), which the County

1  denies, such conduct would not support a Section 1983 claim against the County, the only

2  named defendant in this action.

3      Instead, because liability under Section 1983 must rest on actions of the municipality –

4  and not the actions of its employees – a plaintiff must prove that the alleged constitutional

5  deprivation was the product of a policy or custom of the municipality.  *Monell*, 436 U.S. at

6  690-91; *Brown*, 520 U.S. at 403.  "Congress did not intend to impose liability on a

7  municipality unless *deliberate* action attributable to the municipality itself is the 'moving

8  force' behind the plaintiff's deprivation of federal rights."  *Brown*, 520 U.S. at 400 (emphasis

9  in original, quoting *Monell*, 436 U.S. at 694).

10      To state a claim for municipal, i.e., *Monell*, liability under Section 1983 for a violation

11  of constitutional rights, a plaintiff must allege **facts** (1) showing that he possessed a

12  constitutional right of which he was deprived; (2) "identify[ing]" an officially adopted policy

13  or permanent custom of the local government; (3) showing that the policy amounts to

14  deliberate indifference to the plaintiff's constitutional rights; and (4) showing that the policy or

15  custom "caused" an employee to violate another person's constitutional right, i.e., is the

16  moving force behind the constitutional violation.  *Plumeaua v. Sch. Dist. No. 40 Cnty. of*

17  *Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *Monell*, 436 U.S. at 691-92 (citing 42 U.S.C. §

18  1983); *Brown*, 520 U.S. at 403.

19      And after *Twombly* and *Iqbal*, "[i]n order to withstand a motion to dismiss for failure to

20  state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the

21  existence of unlawful policies, conducts or habits."  *Bedford v. City of Hayward,* 2012 U.S.

22  Dist. LEXIS 148875, at *36 (N.D. Cal. Oct. 15, 2012) (rejecting plaintiff's conclusory

23  allegations as insufficient to establish liability under Section 1983 and *Monell*, citations and

24  quotations omitted); *AE v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that

25  *Twombly* and *Iqbal* pleading standard also applies to *Monell* claims).

26      Here, the FAC alleges that:

27          In violation of [Section 1983,] Defendant, through the Sheriff of
           Contra Costa County and its Deputies and employees identified to
28          deprive Plaintiff of the basic clothing, shelter, sanitation and

1    personal safety . . . [and] acted under color of the law and with
2    deliberate indifference to deprive Plaintiff of basic medical services
     following the injurious event . . . proximately causing injury to Plaintiff
3    as described above.

4    FAC, Third Cause of Action.  The Section 1983 claim also realleges and incorporates the

5    allegations under the general negligence and premises liability causes of action.

6         Under the *Iqbal/Twombly* standard, Plaintiff's FAC does not state a plausible *Monell*

7    claim against the County.  Even the most liberal reading of the FAC sheds no light on the

8    possible identity of a County policy, practice, or custom that may have caused the deprivation

9    of any of Plaintiff's constitutional rights, or the content of any such policy, practice, or custom.

10   Indeed, the FAC fails to actually identify any policy, practice, or custom of the County that is

11   alleged to have violated Plaintiff's federal constitutional rights.  Plaintiff's failure to identify

12   any specific policy precludes municipal liability under *Monell*.  *See, e.g., Monell*, 436 U.S. at

13   691-92.

14        Further, because the FAC fails to plead *any* policy, custom or practice, it necessarily

15   fails to show that a policy or custom was the "moving force" or "cause" behind the alleged

16   constitutional injury.  Without facts alleging a "direct causal link" between a policy or custom

17   and the alleged constitutional violation, a plaintiff cannot state a *Monell* claim.  *Brown*, 520

18   U.S. at 404; *see also Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011)

19   (affirming dismissal where complaint "lacked any factual allegations . . . demonstrating that

20   [the] constitutional deprivation was the result of a custom or practice of the City of Covina or

21   that the custom or practice was the 'moving force' behind [the] constitutional deprivation");

22   *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (holding that "[a]t the very least

23   there must be an affirmative link between the policy and the particular constitutional violation

24   alleged").

25        Finally, even disregarding the lack of a "practice" and "custom" allegation, Plaintiff's

26   Section 1983 claim against the County is fatally deficient because the FAC only cites *single*,

27   isolated alleged constitutional violations, i.e., being deprived of basic clothing, shelter,

28   sanitation and personal safety, and basic medical services following his accident on September

26, 2014. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*. . . ." *Tuttle*, 471 U.S. at 823-24. Even incorporating the FAC's conclusory allegations of negligent training or supervision, asserted under the state law causes of action, the *Monell* claim still fails. A plaintiff must allege facts identifying a "pattern of constitutional violations" and thus deliberate indifference, to establish municipal liability for inadequate training or supervision. *Brown*, 520 U.S. at 407-08; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1360 (2011) (citations and quotations omitted). Such "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Brown*, 520 U.S. at 405.

Here, Plaintiff fails to plead any facts showing a pattern of inadequate training or supervision. Therefore, any *Monell* claim based on such a purported theory fails. *See City of Canton, supra*, 489 U.S. at 388; *see also Alston v. Cnty. of Sacramento*, 2012 U.S. Dist. LEXIS 95494, at *25 (E.D. Cal. July 10, 2012) (dismissing plaintiff's *Monell* claims alleging a county's failure to train employees because plaintiff alleged facts relating "to a specific incident as opposed to a pervasive problem with a specific County policy or custom").

Accordingly, under the *Iqbal*/*Twombly* standard, Plaintiff's FAC does not state a plausible *Monell* claim against the County. For all of these reasons, the third claim for relief against the County, under Section 1983, must be dismissed.[6]

---

[6] If leave to amend is allowed, the County reserves the right to assert any further applicable defenses available to it. The Section 1983 claim here may be subject to the Prison Litigation Reform Act's ("PLRA") mandate that all administrative remedies be exhausted prior to filing suit on such a claim. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The County and its employees, if any are named, may raise said defense, if applicable, in a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166-69 (9th Cir. 2014) (en banc).

1  **VI.    CONCLUSION**

2      As set forth above, the First Amended Complaint fails to state a claim against Contra

3  Costa County upon which relief can be granted.  Therefore, Plaintiff's First Amended

4  Complaint must be dismissed in its entirety.

5  DATED: November 13, 2015          SHARON L. ANDERSON, County Counsel

6

7                                    By: _____/s/_____

8                                        NIMA E. SOHI
                                         Deputy County Counsel
9                                        Attorneys for Defendant
                                         COUNTY OF CONTRA COSTA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28