UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID COOK,

    Plaintiff,

v.

COUNTY OF CONTRA COSTA,

    Defendant.

Case No. 15-cv-05099-TEH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    This matter comes before the Court on Defendant's motion to dismiss Plaintiff's First Amended Complaint. (Docket No. 7). The Court has carefully considered the parties' arguments in the papers submitted, and finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Court hereby GRANTS Defendant's motion to dismiss.

**BACKGROUND**

    Plaintiff David Cook ("Plaintiff") alleges that on September 26, 2014, while incarcerated at the West County Detention Facility ("WCDF") in Richmond, California, he slipped and fell on a spilled substance on the stairs. Ex. B to Removal Notice at 8 (Docket No. 1-1). As a result of the fall, Plaintiff alleges that he suffered "major injuries" to his left eye and surrounding tissue, and trauma to his head and face. *Id.* at 9.

    In Plaintiff's negligence-based causes of action (general negligence and premises liability), Plaintiff alleges that Defendant allowed the staircase to become "unreasonably hazardous," that Defendant negligently trained and supervised employees, and that Defendant "negligently clothed Plaintiff with shoes inadequate for the dangerous condition of the staircase[1]." *Id.* Plaintiff also alleges that Defendant violated Section 1983 by acting

---

[1] Plaintiff also appears to claim that the failure to provide adequate shoes was a violation of Section 1983, stating in the Section 1983 section of the FAC that "Defendant, through

1   with "deliberate indifference to deprive Plaintiff of basic medical services following the
2   injurious event." *Id.* at 10.

3   Plaintiff filed his initial complaint on May 5, 2014, in Contra Costa County
4   Superior Court, in pro per.  Removal Notice at 1 (Docket No. 1).  Defendant was not
5   served with the complaint.  *Id.*  Plaintiff, having retained counsel, served Defendant with
6   the First Amended Complaint ("FAC") on September 14, 2015, although service was
7   improper.  *Id.* at 2.  Plaintiff then properly served the FAC on Defendant; service was
8   deemed complete on October 26, 2015.  *Id.*

9   Defendant filed the instant motion on November 13, 2015, arguing that Plaintiff
10  fails to state a claim for all three causes of action and that the County is shielded by
11  immunity from the negligence-based causes of action.  (Docket No. 7).  Plaintiff timely
12  filed an opposition (Docket No. 10), and Defendant timely replied. (Docket No. 11).

**LEGAL STANDARD**

15  Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a plaintiff's
16  allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P.
17  12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead
18  "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*
19  *Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it
20  requires "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v.*
21  *Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when
22  the plaintiff pleads factual content that allows the court to draw the reasonable inference
23  that the defendant is liable for the misconduct alleged."  *Id.*

24  In ruling on a motion to dismiss, a court must "accept all material allegations of fact
25  as true and construe the complaint in a light most favorable to the non-moving party."

---

27  the Sheriff of Contra Costa County and its deputies and employees identified to [sic] deprive Plaintiff of the basic clothing, shelter, sanitation and personal safety which is one
28  of the minimal civilized measures of life's necessities, proximately causing injury to Plaintiff as described above."  Ex. B to Removal Notice at 10.

United States District Court
Northern District of California

*Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.  The non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied … if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).  However, dismissal of claims that fail to state a claim under this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

## DISCUSSION

### I. State Causes of Action

Defendant contends that Plaintiff's state law causes of action fail because (1) Plaintiff failed to state sufficient facts to plead a claim against the County under a general negligence theory; (2) the County is immune from liability for injuries to prisoners as a result of dangerous conditions on its property; and (3) the County cannot be held liable on a vicarious liability theory.

#### A. Dangerous Conditions on Property Owned by Public Entities

A public entity is not liable for an injury arising out of its alleged act or omission except as provided by statute.  Cal. Gov. Code § 815.  California Government Code Section 835 is the sole statutory basis for a public entity's liability based on the condition of public property.[2]  *Brenner v. City of El Cajon*, 113 Cal. App. 4th 434, 438 (2003).  "The

---

[2] "To state a cause of action against a public entity under section 835, a plaintiff must plead: (1) a dangerous condition existed on the public property at the time of the injury; (2) the condition proximately cause the injury; (3) the condition created a reasonably foreseeable risk of the kind of injury sustained; and (4) the public entity had actual or constructive notice of the dangerous condition of the property in sufficient time to have taken measures to protect against it." *Brenner*, 113 Cal. App. 4th at 439.

3

1    limited and statutory nature of governmental liability mandates that claims against public
2    entities be specifically pleaded." *Id.* at 439.  Thus, generalized allegations will not suffice,
3    and "[e]very fact essential to the existence of statutory liability must be pleaded."  *Susman*
4    *v. City of Los Angeles*, 269 Cal. App. 2d 803, 809 (1969).  Defendant argues that Plaintiff's
5    FAC fails with regard to the general negligence claim because Plaintiff failed to plead the
6    claim with sufficient particularity; namely, Plaintiff did not identify the statute on which
7    the claim is based.
8      However, the Court need not reach the sufficiency of Plaintiff's pleading, because
9    pursuant to California Government Code section 844.6(a)(2), a public entity is immune
10   from a prisoner's claim for injuries arising from negligence or a dangerous condition of
11   public property.  Section 844.6 states:

> (a) Notwithstanding any other provision of this part … a public entity is not liable for:
> (1) An injury proximately caused by any prisoner.
> (2) An injury to any prisoner.
> […] (c) Except for an injury to a prisoner, nothing in this section prevents recovery from the public entity for an injury resulting from the dangerous condition of public property…

17   Cal. Gov. Code § 844.6.  The term "prisoner" includes an inmate of "a prison, jail, or penal
18   or correctional facility."  Cal. Gov. Code § 844.  Because Plaintiff was an inmate at the
19   WCDF at the time of his alleged injuries, he was a "prisoner" for purposes of Section
20   844.6; thus, Defendant (a public entity) is not liable for injuries to him resulting from a
21   dangerous condition of WCDF (public property).  *See Sahley v. Cnty of San Diego*, 69 Cal.
22   App. 3d 347, 349 (1977) (a pre-conviction detainee could not recover for injuries from a
23   slip-and-fall in the shower at a county jail because he was barred by Section 844.6.); *See*
24   *also Ortiz v. Cnty. of Sonoma*, No. 14-CV-00322-JSC, 2014 WL 1351843, at *2 (N.D. Cal.
25   Apr. 4, 2014); *Wheat v. Cnty of Alameda*, No. 11-2509-MEJ, 2012 WL 966949, at *6
26   (N.D. Cal. Mar. 21, 2012).
27   ///
28   ///

**B.     Vicarious Liability for Dangerous Conditions on Property**

Plaintiff's opposition cites California Government Code Section 815.2, which suggests that Plaintiff may be attempting to pursue a vicarious liability theory.[3]  Opp'n at 2, 7.  However, "public entity liability for property defects is not governed by the general rule of vicarious liability provided in section 815.2, but instead by the specific provisions set forth in sections 830-835.4," and "public employees' liability for dangerous public property conditions resulting from the employees' acts or omissions is provided by the special rules and limitations contained in sections 840-840.6." *Van Kempen v. Hayward Area Park, Recreation & Park Dist.*, 23 Cal. App 3d. 822, 825 (1972).

Put differently, public *employees* are also immune for dangerous conditions of public property, pursuant to California Government Code Section 840.  Section 840 states:

> Except as provided in this article, a public employee is not liable for injury caused by a condition of public property where such condition exists because of any act or omission of such employee within the scope of his employment. The liability established by this article is subject to any immunity of the public employee provided by statute and is subject to any defenses that would be available to the public employee if he were a private person.

Cal. Gov. Code. § 840.  The FAC alleges that employees' acts and omissions, "within the scope of their employment" caused Plaintiff's fall because the employees either "created the dangerous condition" on the stairs or "knew or should have known" the dangerous condition existed, and did not clean it up.  Ex. B to Removal Notice at 7.  Because the employees themselves would have been immune from liability, Plaintiff's general negligence claim fails for immunity reasons under a vicarious liability theory as well.

///

///

---

[3] Section 815.2 provides that public entities are liable for injuries caused by their employees within the scope of their employment "if the act or omission would, apart from this section, have given rise to a cause of action against that employee." Cal. Gov. Code § 815.2(a).  Defendant notes that Plaintiff does not cite Section 815.2 anywhere in the FAC.  Reply at 3.

### C. Vicarious Liability for Failure to Provide Medical Care

Finally the Court disregards Plaintiff's allegations that Defendant may be vicariously liable for its employees' negligent failure to provide medical care after Plaintiff's fall. Opp'n at 7-8; Castro Decl. at 2 (Docket No. 10-1). These allegations are not in the FAC, and were only raised in Plaintiff's opposition brief and supporting declaration; thus, the Court may not consider them. *See, e.g., BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 780 F. Supp. 2d 1061, 1075 n.10 (D. Haw. 2011) (citing *Zimmerman v. PepsiCo.*, 836 F.2d 173, 181 (3d Cir. 1988)) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

For these reasons, Plaintiff's first and second claims for relief (general negligence and premises liability) are hereby DISMISSED WITH PREJUDICE, because (1) the claims are based on Defendant's liability due to a dangerous condition on County property, which is barred by Section 844.6; and (2) the claims also fail under a vicarious liability theory because they are barred by Section 840. Such immunity is a complete bar regardless of the sufficiency of the pleadings; thus, amendment would be futile.

## II. Federal Cause of Action

Defendant argues that the FAC fails to state a Section 1983 claim as well. Plaintiff's 42 U.S.C. § 1983 cause of action states that:

> In acting and failing to act as described above [in the general negligence and premises liability causes of action], Defendant deprived Plaintiff of rights, privileges, and/or immunities secured by the Constitution and/or laws, in violation of [Section 1983]. Defendant … deprive[d] Plaintiff of the basic clothing, shelter, sanitation and personal safety which is one of the minimal civilized measures of life's necessities, proximately causing injury to Plaintiff as described above.
>
> In addition, Defendant … acted under color of the law and with deliberate indifference to deprive Plaintiff of basic medical services following the injurious event, from September 26, 2014, until Plaintiff was released from custody on December 16, 2014.

Ex. B. to Removal Notice at 10.

### A. Municipal Liability and Section 1983

Plaintiff cannot hold Defendant, a municipality, liable for employees' actions under a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, Plaintiff must show: "(1) that [Plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty of Yamill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted) (citing *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). "In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward*, No. 12-CV-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. Cnty of San Diego*, No. 10-1057, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)).

Considering the allegations in the FAC, it is clear that Plaintiff neither (1) identified a policy, practice or custom that may have caused a deprivation of Plaintiff's rights; nor (2) alleged that such a policy, practice or custom was the "moving force" behind the alleged injury. Instead, Plaintiff recited some, but not all, of the requirements for a *Monell* claim, and failed to allege any factual content besides incorporating the scarce facts alleged in the state law claims (that Plaintiff fell as a result of slipping on slippery substance, that the employees knew about the substance, and that Plaintiff was injured). Even construing the FAC in the light most favorable to Plaintiff, the Court cannot find that a Section 1983 claim was sufficiently pled.

### B. Failure to Train or Supervise as Basis for Section 1983 Claim

It is well settled that in order to establish municipal liability based on inadequate training or supervision, a plaintiff must allege facts identifying a "pattern of constitutional violations" by employees. *Bd. of Cnty Comm'rs v. Brown*, 520 U.S. 397, 407-08 (1997); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Connick v. Thompson*, 563 U.S. 51, 62

7

(2011). This requirement ensures that the municipality is only liable for situations where it was on notice that more training or supervision was needed to avoid constitutional violations, and only where the municipality was truly at fault because of its defective procedures, not because of isolated acts by errant employees. *Id.*; *Brown*, 520 U.S. at 405.

Plaintiff does not allege any pattern of slip-and-fall cases at WCDF; he only alleges his single accident. While the "pattern of violations" requirement is not an extremely high standard, a plaintiff still cannot rely on a single incident. *Connick*, 563 U.S. at 62. Here, Plaintiff alleged neither that his injury was caused by inadequate training/supervision nor that Defendant should have known that more training or supervision was necessary due to multiple accidents.

For these reasons, Plaintiff fails to state a claim under Section 1983 under either *Monell* or an inadequate training/supervision theory. However, the deficiencies in Plaintiff's pleading could be cured by amendment,[4] by alleging factual content as opposed to merely stating labels and conclusions. Therefore, Plaintiff's third cause of action is hereby DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

For these reasons, Plaintiffs first and second causes of action are DISMISSED WITH PREJUDICE and Plaintiff's third cause of action is DISMISSED WITHOUT PREJUDICE. Plaintiff shall file any amended complaint no later than **January 8, 2016.**

**IT IS SO ORDERED.**

Dated: 12/17/15           _____
                          THELTON E. HENDERSON
                          United States District Judge

---

[4] If Plaintiff amends his Section 1983 claim, Defendant may assert further applicable defenses, including but not limited to the Prison Litigation Reform Act's exhaustion requirement. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (failure to exhaust is rarely clear on face of complaint; usually requires production of evidence).