SHARON L. ANDERSON (SBN 94814)
County Counsel
NIMA E. SOHI (SBN 233199)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone:    (925) 335-1800
Facsimile:    (925) 335-1866
Electronic Mail: nima.sohi@cc.cccounty.us

Attorneys for Defendant
COUNTY OF CONTRA COSTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID COOK,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA;<br>Contra Costa County Sheriff DAVID<br>O'LIVINGSTON; Contra Costa County<br>Assistant Sheriff MATTHEW<br>SCHULER; West County Detention<br>Facility Commander LT. CRAIG<br>BROOKS; West County Detention<br>Facility Nursing Director ELENA<br>O'MARY; Chief Medical Officer of<br>Contra Costa Regional Medical Center<br>and West County Detention Facility<br>Medical Director DAVID GOLDSTEIN,<br>and DOES I to XXX, inclusive,<br><br>        Defendants. | No. C15-05099 TEH<br><br>DEFENDANT COUNTY OF CONTRA<br>COSTA'S NOTICE OF MOTION<br>AND MOTION TO DISMISS ALL CLAIMS<br>IN PLAINTIFF'S SECOND AMENDED<br>COMPLAINT AGAINST IT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:    March 7, 2016<br>Time:    10:00 a.m.<br>Crtrm:  2, 17th Floor<br>Judge:  Hon. Thelton E. Henderson, Presiding<br><br>Date Action Filed:  May 5, 2015<br>Trial Date:  None Assigned |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ISSUES TO BE DECIDED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE SAC. . . . . . . . . . . . . . . . 3

IV.   LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.    LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    The SAC Fails To State A Section 1983 *Monell* Claim Against
        The County. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    Plaintiff's State Law Causes Of Action Are Barred By The Tort Claims
        Act Because They Diverge From The Government Tort Claim Filed
        By Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    C.    Even If Plaintiff's State Law Causes Of Action Are Not Barred By The
        Tort Claims Act, They Each Fail To State Facts Sufficient To State A
        Claim For Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        1.    The Fifth Cause Of Action Fails Because The County And Its
            Employees Are Immune From Liability Under Government
            Code Sections 844.6 And 845.6 Based On The Facts Alleged In
            The SAC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        2.    The Sixth Cause Of Action Fails As A Matter of Law Because
            Plaintiff Does Not Identify A Statute To Hold The County Liable
            Under A Negligence Theory. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        3.    The Sixth Cause Of Action Also Fails On A Vicarious Liability
            Theory Because There Can Be No Vicarious Liability Of A
            Public Entity For Injury To A Prisoner From Medical Malpractice. . . . 17

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# **TABLE OF AUTHORITIES**

**Cases**

*AE v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Alston v. Cnty. of Sacramento*, 2012 U.S. Dist. LEXIS 95494 (E.D. Cal. July 10, 2012).. . . . 10

*Anderson v. Warner*, 451 F.3d 1063 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . 4

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997). . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

*Bedford v. City of Hayward,* 2012 U.S. Dist. LEXIS 148875 (N.D. Cal. Oct. 15, 2012). . . . . . 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Blair v. Superior Court*, 218 Cal. App. 3d 221 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . 10

*Brenner v. City of El Cajon*, 113 Cal. App. 4th 434 (2003). . . . . . . . . . . . . . . . . . . . . . . 5, 16

*Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051 (2013). . . . . . . . . 12, 14, 15, 17

*Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

*City of Canton v. Harris*, 489 U.S. 378 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . 10

*Connick v. Thompson*, 563 U.S. 51 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242 (9th Cir. 1990). . . . 5

*DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983 (2012). . . . . . . . . . . . . . . . . . . . . 11

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Eastburn v. Regional Fire Prot. Authority*, 31 Cal. 4th 1175 (2003). . . . . . . . . . . . . . . . . . 16

*Estate of Bock v. Cnty. of Sutter*, 2012 U.S. Dist. LEXIS 15720 (E.D. Cal. Feb. 8, 2012). . . . 16

*Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431 (1988). . . . . 11, 12

*Frary v. Cnty. of Marin*, 81 F.Supp.3d 811 (N.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . 7, 8, 14

*Gibson v. Cnty. of Washoe*, 290 F.3d 1175 (9th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . 7

1    *Graham v. Connor*, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2    *Haggis v. City of Los Angeles*, 22 Cal. 4th 490 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3    *Horn v. State of Cal.*, 2005 U.S. Dist. LEXIS 28265 (E.D. Cal. Nov. 16, 2005). . . . . . . . . . 15

4    *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5    *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6    *Mahach-Watkins v. Depee*, 2005 U.S. Dist. LEXIS 49688 (N.D. Cal. July 11, 2005). . . . . . . 16

7    *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

8    *Nelson v. State of California*, 139 Cal. App. 3d 72 (1982). . . . . . . . . . . . . . . . . . . . . . . . 12, 17

9    *NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10    *Papasan v. Allain*, 478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11    *Plumeaua v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432 (9th Cir. 1997). . . . . . . . . . . 7

12    *Roy v. Contra Costa Cnty.*, 2016 U.S. Dist. LEXIS 1285 (N.D. Cal. Jan. 5, 2016). . . . . . . . . 8

13    *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792 (1986). . . . . . . . . . . . . . . . . . . . . 16

14    *Sims v. Lopez*, 2012 U.S. Dist. LEXIS 14896 (E.D. Cal. Feb. 7, 2012. . . . . . . . . . . . . . . . . . . 15

15    *Stevenson v. S.F. Housing Authority*, 24 Cal. App. 4th 269 (1994). . . . . . . . . . . . . . . . . . . . 12

16    *Stockett v. Assoc. of Cal. Water Agencies Joint Powers Authority*, 34 Cal. 4th 441 (2004). . . 11

17    *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803 (1969). . . . . . . . . . . . . . . . . . . . . . . . . 16

18    *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19    *Vance v. Peters*, 97 F.3d 987 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20    *Watson v. California*, 21 Cal. App. 4th 836 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

21    *West v. Atkins*, 487 U.S. 42 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22    *Wheat v. Cnty. of Alameda*, 2012 U.S. Dist. LEXIS 38472 (N.D. Cal. Mar. 21, 2012). . . . . . 11

23    *Zelig v. Cnty. of Los Angeles*, 27 Cal. 4th 1112 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

24

25    **Statutes and Rules**

26    Civil Local Rule 7-3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

27    Code of Civil Procedure section 340.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

28    Code of Civil Procedure section 364. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Federal Rule of Civil Procedure 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Government Code section 815. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Government Code section 815.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Government Code section 815.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Government Code Section 844.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-17

Government Code section 845.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

Government Code section 910. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Government Code section 945.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Government Code section 945.6(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Monday, March 7, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant COUNTY OF CONTRA COSTA[1] will and hereby does move this Court for an order under Federal Rule of Civil Procedure 12(b)(6) dismissing all claims for relief asserted in the Second Amended Complaint because they fail to allege sufficient facts to state a claim for relief.

This motion is supported by this notice, the memorandum of points and authorities, the request for judicial notice and its supporting declaration and exhibit, all the papers and records on file in this action, and such other materials as may be submitted at or before the hearing on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff David Cook's ("Plaintiff") First Amended Complaint ("FAC") asserted state and federal causes of action against only the County of Contra Costa ("Defendant" or "County"), arising out of a slip-and-fall accident on September 26, 2014, at the West County Detention Facility ("WCDF"). The County moved to dismiss all claims in the FAC, and the Court dismissed the FAC on December 17, 2015, with leave to amend only the federal Section 1983 cause of action. *See* ECF Doc. Nos. 7 & 12. The state law causes of action for negligence and dangerous condition of public property were dismissed with prejudice because under California law, the County is immune from liability for injuries to prisoners.

Now, Plaintiff's Second Amended Complaint ("SAC") not only amends the Section 1983 claims against the County, but also adds two new state law causes of action relating to Plaintiff's medical care after the alleged accident that formed the basis of his FAC, and adds

---

[1] As of the time of filing this motion, the newly added individually named defendants have not been served with a Summons and the Second Amended Complaint. Thus, this motion to dismiss is brought only on behalf of Defendant County of Contra Costa.

1  five individual defendants to the SAC.  Plaintiff's SAC still falls short of stating any plausible

2  claim against the County.

3  The state law claims fail because they are barred by the California Tort Claims Act, in

4  that Plaintiff's government tort claim filed with the County did not include any factual

5  allegations to put the County on notice of any medical malpractice or failure to summon

6  medical care claims.  The County is also still immune from liability as to both state law causes

7  of action, for the same reasons outlined in Defendant's motion to dismiss the FAC.  Namely,

8  the County cannot be liable for injuries to prisoners arising from negligence, including medical

9  malpractice or failure to summon medical care.  The Section 1983 claims still fail because the

10  SAC only recites conclusory, boilerplate *Monell* elements, but fails to allege the necessary

11  *facts* to support the claims.  Without the requisite factual allegations, the *Monell* claims are

12  insufficient under the *Iqbal/Twombly* standard and should be dismissed.  Therefore, the SAC

13  should be dismissed in its entirety as against the County.[2]

14  **II.   ISSUES TO BE DECIDED**

15  1.   Do the first, second, third, and fourth claims for relief under 42 U.S.C. § 1983

16  against Defendant County of Contra Costa fail to allege facts to establish *Monell* liability, i.e.,

17  that official policy, custom, or practice was the moving force behind any constitutional

18  violation?

19  2.   Do the fifth and sixth claims for relief against Defendant County of Contra Costa

20  fail because Plaintiff did not allege any facts in his government tort claim relating to a (1)

21  failure to summon medical care claim, or (2) medical malpractice claim, as required under the

22

23  _____

24  [2] Pursuant to Civil Local Rule 7-3(c), Defendant makes the following procedural objections to Plaintiff's SAC.  This Court's Order Granting Defendant's Motion to Dismiss the First Amended Complaint gave Plaintiff until **no later than January 8, 2016**, to file an amended complaint.  *See* ECF Doc. No. 12 at 8:20.  Plaintiff did not file the SAC until January 9, 2016.  *See* ECF Doc. No. 13.  In addition, this Court's Order dismissed the state law negligence and dangerous condition causes of action **without leave to amend**, and allowed leave only to amend the Section 1983 claim against the County.  *See* ECF Doc. No. 12.  The Court did not direct that Plaintiff could amend the state law causes of action to bring new negligence based theories of recovery.  Regardless, the new state law claims in the SAC fail as a matter of law for the reasons set forth herein.

California Tort Claims Act?

  3.  Does the fifth claim for relief against Defendant County of Contra Costa fail because under the facts alleged, the County is immune from liability for any alleged failure to summon medical care under California law?

  4.  Must the sixth claim for relief against Defendant County of Contra Costa be dismissed because it fails to identify a statute to hold the County liable under California law?

  5.  Does the sixth claim for relief against Defendant County of Contra Costa fail because there is no vicarious liability for a medical malpractice claim by a prisoner under California law?

## III.  SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE SAC

  The salient, non-conclusory allegations of Plaintiff's SAC are as follows.[3]  On September 26, 2014, Plaintiff was a prisoner incarcerated at the WCDF.  SAC, ¶ 19.  On that day, Plaintiff fell on a staircase at the WCDF.  SAC, ¶ 22.  Following the fall, Deputy D. Chilimodos attended to Plaintiff and reported that Plaintiff was complaining of pain, and Chilimodos observed that Plaintiff's left eye was swollen and there was blood on his cheek.  SAC, ¶ 23.  Deputy Chilimodos called a Code Two Medical Assistance.  SAC, ¶ 24.  In response, Lt. Bonthron, Sgt. Terrill, and medical staff (Eurydice, Dora, Karen) arrived.  *Id.*  An AMR ambulance was requested, and Plaintiff was transported to Contra Costa Regional Medical Center.  SAC, ¶ 25.  Deputy Chilimodos then investigated the cause of the fall and discovered some unknown liquid material on the stairs.  SAC, ¶ 26.  At the Regional Medical Center, Plaintiff received a CT of the facial bone and head, and was diagnosed with eye injuries.  SAC, ¶ 27.  Plaintiff received further medical treatment for the injuries sustained on September 26, 2014, through visits to the Regional Medical Center on September 30, 2014, November 6, 2014, December 23, 2014, and February 23, 2015.  SAC, ¶ 28.  On September 29, 2014, Plaintiff underwent eye surgery to repair a detached retina by Dr. Goldberg of the Bay Area Retina Associates.  SAC, ¶ 29.  Plaintiff, while recovering from the above incident,

---

[3] Facts from the SAC are accepted as true for the purposes of this motion only.

complained of swelling and pain to his face, cheek bone, and eye, and submitted several requests for pain medicine which was denied on a number of occasions. SAC, ¶ 30. Medical staff at the WCDF acted upon Plaintiff's medical needs when other inmates and at least one correctional officer "lobbied for action." SAC, ¶ 32. When seeking further medical treatment, Plaintiff was denied a second surgery because it was considered a "cosmetic surgery." SAC, ¶ 33.

In his four federal claims under Section 1983, Plaintiff asserts that Defendants failed to "train, supervise, and/or promulgate appropriate policies and procedures at the jail in order to prevent this incident," which he alleges constitutes "deliberate indifference to [Plaintiff's] known serious medical needs." SAC, ¶¶ 39, 44, 46, 49, 51, 55. Plaintiff alleges that Defendants' deliberate indifference to his serious medical needs "were the direct and proximate result of the customs, practices or de facto policies of defendants," and that such customs, practices and/or de facto policies are "an ongoing pattern of deliberate indifference to the medical needs, health and safety of jail inmates." SAC, ¶¶ 44-45, 49-50. Plaintiff also makes conclusory allegations of Defendants' failure to "promulgate appropriate policies, guidelines and procedures," and to "rectify improper practices/customs with regard to the medical care" of WCDF inmates, and ratification of said alleged unconstitutional conduct. SAC, ¶¶ 36(a)-(c), 54.

As part of his state law causes of action, Plaintiff claims that his medical care was negligent and failed to meet professional standards of care. SAC, ¶ 61. He also claims that "Does I through XX knew or had reason to know that [he] was in need of immediate medical care and failed to take reasonable action to summon such medical care or provide that care." SAC, ¶ 58.

## IV.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief may be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police*

1   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended), *abrogated on other grounds by Bell*

2   *Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).  All material allegations in the complaint

3   will be taken as true and construed in the light most favorable to the plaintiff.  *NL Indus., Inc.*

4   *v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

5           The Federal Rules require that a complaint include a "short and plain statement of the

6   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to

7   survive a motion to dismiss, a plaintiff must allege facts that are enough to raise his right to

8   relief "above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint must offer "more

9   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

10  not do."  *Id.*  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual

11  allegation.'"  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  If a plaintiff's

12  allegations do not bring his "claims across the line from conceivable to plausible, [his]

13  complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility

14  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

15  that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

16  (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

17  more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  The standard

18  "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

19  Thus, a complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement,'"

20  or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements," is insufficient.  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

22          Under California law, when a plaintiff files a complaint against a public entity, general

23  allegations are insufficient; claims against public entities must be specifically pleaded.  *See,*

24  *e.g., Brenner v. City of El Cajon*, 113 Cal. App. 4th 434, 439 (2003).  When granting a motion

25  to dismiss, a court is not required to grant leave to amend if amendment would be futile.

26  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

27  ///

28  ///

## V.  LEGAL ARGUMENT

### A.  The SAC Fails To State A Section 1983 *Monell* Claim Against The County.

The SAC's first, second, third, and fourth claims for relief against the County (and the individual defendants) are brought under Section 1983.  Section 1983 is not itself a source of substantive rights, but merely provides a vehicle for a plaintiff to bring federal statutory or constitutional challenges to actions by state and local officials.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  To state a claim under Section 1983, a plaintiff must allege that the defendant acted under color of state law and deprived plaintiff of a federal or constitutional right.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, Plaintiff must show each defendant caused or personally participated in causing the harm alleged in the complaint.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations and quotations omitted).

Here, to the extent Plaintiff seeks to impose *respondeat superior* liability on the County, the SAC fails to state a claim under Section 1983.  Under Section 1983, a local government cannot be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Therefore, even if Plaintiff could prove that a County employee failed to provide him proper medical care, or was deliberately indifferent to his medical needs, or failed to adequately train or supervise other employees, such conduct would not support a Section 1983 claim *against the County*.

Instead, because liability under Section 1983 must rest on actions of the municipality – and not the actions of its employees – a plaintiff must show that the alleged constitutional deprivation was the product of a policy or custom of the municipality.  *Monell*, 436 U.S. at 690-91; *Brown*, 520 U.S. at 403.  "Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving

1   force' behind the plaintiff's deprivation of federal rights." *Brown*, 520 U.S. at 400 (emphasis

2   in original, quoting *Monell*, 436 U.S. at 694).

3       Thus, to state a claim, and to survive a motion to dismiss, a plaintiff must allege **facts**

4   (1) showing that he possessed a constitutional right of which he was deprived; (2)

5   "identify[ing]" an officially adopted policy or permanent custom of the local government; (3)

6   showing that the policy amounts to deliberate indifference to the plaintiff's constitutional

7   rights; and (4) showing that the policy or custom "caused" an employee to violate another

8   person's constitutional right, i.e., is the moving force behind the constitutional violation.

9   *Plumeaua v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also*

10  *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002); *Monell*, 436 U.S. at 691-

11  92 (citing 42 U.S.C. § 1983); *Brown*, 520 U.S. at 403.  And after *Twombly* and *Iqbal*, "[i]n

12  order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist

13  of more than mere formulaic recitations of the existence of unlawful policies, conducts or

14  habits." *Bedford v. City of Hayward,* 2012 U.S. Dist. LEXIS 148875, at *36 (N.D. Cal. Oct.

15  15, 2012) (rejecting plaintiff's conclusory allegations as insufficient to establish liability under

16  Section 1983 and *Monell*, citations and quotations omitted); *see also AE v. Cnty. of Tulare*,

17  666 F.3d 631, 637 (9th Cir. 2012) (holding that *Twombly* and *Iqbal* pleading standard also

18  applies to *Monell* claims).

19      "Absent a formal governmental policy, a plaintiff must show a 'longstanding practice or

20  custom which constitutes the standard operating procedure of the local governmental entity.'"

21  *Frary v. Cnty. of Marin*, 81 F.Supp.3d 811, 834 (N.D. Cal. 2015) (quoting *Trevino v. Gates*, 99

22  F.3d 911, 918 (9th Cir. 1996)).  "Liability for improper custom may not be predicated on

23  isolated or sporadic incidents; it must be founded upon practices of sufficient duration,

24  frequency and consistency that the conduct has become a traditional method of carrying out

25  policy." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Trevino, supra,* 99

26  F.3d at 918).  If relying on a policy of inaction, Plaintiff must show the inaction amounts to a

27  failure to protect constitutional rights, that any alleged deficiency in a policy is closely related

28  to the ultimate injury, and that the injury would have been avoided had proper policies been

1   implemented.  *Frary*, 81 F.Supp.3d at 834-35 (citations and quotations omitted).

2       Under the *Iqbal/Twombly* standard, Plaintiff's SAC here still does not state a plausible

3   *Monell* claim against the County, under any theory.  Even the most liberal reading of the SAC

4   sheds no light on the possible identity of a County policy, practice, custom or "de facto policy"

5   that may have caused the deprivation of any of Plaintiff's constitutional rights, or how the

6   promulgation of "appropriate policies" would have prevented the alleged constitutional injury,

7   i.e., Plaintiff's "negligent" or indifferent medical care.  *See* SAC, ¶¶ 36(a)-(c), 39, 44-46, 49-

8   51, 55.  Plaintiff's only *Monell* allegations are simply conclusory.  For example, Plaintiff

9   alleges that defendants were "deliberately indifferent to [Plaintiff's] serious medical needs"

10  because of some unidentified "customs, practices, policies or de facto policies," that "[s]uch

11  policies include but are not limited to an ongoing pattern of deliberate indifference to the

12  medical needs, health and safety of jail inmates," or that defendants "failed to rectify improper

13  practices/customs with regard to the medical care" of inmates.  SAC, ¶¶ 36(a), 44-45, 49-50.

14      Plaintiff does not include any ***facts*** to show any such "pattern of deliberate

15  indifference," or ***facts*** that would show the existence of a longstanding custom or practice that

16  Defendant "failed to rectify."  The allegations of the SAC are "precisely the sort of 'label[s]

17  and conclusion[s],' that the Supreme Court has counseled is insufficient."  *Roy v. Contra*

18  *Costa Cnty.*, 2016 U.S. Dist. LEXIS 1285, at *16 (N.D. Cal. Jan. 5, 2016) (citing *Twombly*,

19  550 U.S. at 555).

20      Further, because the SAC fails to plead *any actual* policy, custom or practice, it

21  necessarily fails to show that a policy or custom was the "moving force" or "cause" behind the

22  alleged constitutional injury.  Without facts alleging a "direct causal link" between a policy or

23  custom and the alleged constitutional violation, a plaintiff cannot state a *Monell* claim.  *Brown*,

24  520 U.S. at 404; *see also Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011)

25  (affirming dismissal where complaint "lacked any factual allegations . . . demonstrating that

26  [the] constitutional deprivation was the result of a custom or practice [] or that the custom or

27  practice was the 'moving force' behind [the] constitutional deprivation"); *City of Oklahoma*

28  *City v. Tuttle*, 471 U.S. 808, 823 (1985) (holding that "[a]t the very least there must be an

1    affirmative link between the policy and the particular constitutional violation alleged").

2         Plaintiff's Section 1983 deliberate indifference claims against the County are also

3    fatally deficient because the SAC only alleges a single, isolated alleged constitutional

4    violation, i.e., being deprived of proper medical care following his slip-and-fall accident on

5    September 26, 2014.[4]  "Proof of a single incident of unconstitutional activity is not sufficient

6    to impose liability under *Monell*. . . ." *Tuttle*, 471 U.S. at 823-24; *see also Christie, supra,* 176

7    F.3d at 1235 (single deprivation ordinarily insufficient to show long standing practice or

8    custom).

9         Plaintiff's negligent training or supervision theory also fails.  A plaintiff must allege

10   facts identifying a "pattern of constitutional violations" and thus deliberate indifference, to

11   establish municipal liability for inadequate training or supervision.  *Brown*, 520 U.S. at 407-

12   08; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  "A pattern of similar constitutional

13   violations by untrained employees is ordinarily necessary to demonstrate deliberate

14   indifference for purposes of failure to train."  *Connick v. Thompson*, 563 U.S. 51, 62 (2011)

15   (citations and quotations omitted).  Negligent training, i.e., County "could have done" more or

16   something different, is not enough.  *City of Canton,* 489 U.S. at 391-92.

17        Here, other than conclusory assertions of "deliberate indifference," or an "ongoing

18   pattern," Plaintiff fails to plead any ***facts*** showing a ***pattern*** of inadequate training or

19   supervision ***that caused*** the alleged constitutional violations.  *See* SAC, ¶¶ 39, 44-45, 49-50.

20   Indeed, Plaintiff alleges that defendants "failed to appropriately hire, train, and/or supervise

21   their employees and/or agents so as to prevent the ***incident*** alleged herein" or "***this incident***."

22   SAC, ¶¶ 36(b), 39.  As noted above, Plaintiff cannot rely on just a single incident, i.e., his own

23   incident, to state a *Monell* claim, including on a failure to train theory.  *Connick*, 563 U.S. at

24   62.

25   ///

26

27        [4] Defendant is unsure what the reference to "falling out of his bunk" means, as the rest of
     the SAC, like the FAC, describes the incident as a slip-and-fall on stairs at the WCDF.  *See*
28   SAC, ¶ 39.

1    "Without notice that a course of training is deficient in a particular respect,

2    decisionmakers can hardly be said to have deliberately chosen a training program that will

3    cause violations of constitutional rights." *Connick*, 563 U.S. at 62.  Indeed, "absent evidence

4    of a program-wide inadequacy in training, any shortfall in a single officer's training can only

5    be classified as negligence on the part of the municipal defendant – a much lower standard of

6    fault than deliberate indifference." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th

7    Cir. 2007) (citations and quotations omitted); *see also Alston v. Cnty. of Sacramento*, 2012

8    U.S. Dist. LEXIS 95494, at *25 (E.D. Cal. July 10, 2012) (dismissing plaintiff's *Monell* claims

9    alleging a county's failure to train employees because plaintiff alleged facts relating "to a

10   specific incident as opposed to a pervasive problem with a specific County policy or custom").

11   Therefore, Plaintiff's Section 1983 claim based on a purported inadequate training theory also

12   fails.

13        Finally, Plaintiff's *Monell* claim based on a ratification theory also fails.  "To show

14   ratification, a plaintiff must prove that the authorized policymakers approve a subordinate's

15   decision and the basis for it." *Christie, supra*, 176 F.3d at 1239 (citations and quotations

16   omitted).  The SAC fails to allege any facts identifying a final policymaker, or showing their

17   knowledge and approval of any alleged constitutional violation by defendants herein.  Indeed,

18   the SAC's allegation that "Defendants O'Livingston, Brooks, Schuler, O'Mary, [and]

19   Goldstein [] tacitly encouraged, ratified and/or approved of the acts and/or omissions alleged

20   herein, and knew that such conduct was unjustified and would result in violations of

21   constitutional rights," is wholly conclusory and not supported by any facts.  *See* SAC, ¶ 54.

22   *Monell* liability cannot be based on such flimsy allegations.  "To hold [public entities] liable

23   under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary

24   acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law

25   [creating an] end run around *Monell*." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232,

26   1253 (9th Cir. 2010) (citations and quotations omitted).

27   ///

28   ///

Accordingly, Plaintiff's SAC does not state a plausible Section 1983 *Monell* claim against the County under any theory.  For all of these reasons, the first, second, third and fourth claims for relief against the County must all be dismissed.

**B.     Plaintiff's State Law Causes Of Action Are Barred By The Tort Claims Act Because They Diverge From The Government Tort Claim Filed By Plaintiff.**

A plaintiff cannot file a lawsuit under state law for money or damages against a public entity without first presenting a tort claim pursuant to Government Code section 945.4. Government Code section 910 governs the specific requirements for a tort claim.  Among other things, Section 910 requires that a claim state: (1) the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (2) a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; and (3) the name of the public employee who caused the injury, if known.  "The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an *element* that a plaintiff is required to prove in order to prevail." *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012) (emphasis in original).  Thus, a complaint should attach the government tort claim or plead details of the claim, i.e., which employees were alleged in the claim to have allegedly caused the injuries and why the public entity and each employee is liable.  *Wheat v. Cnty. of Alameda*, 2012 U.S. Dist. LEXIS 38472, at *21 (N.D. Cal. Mar. 21, 2012).

Compliance with the Tort Claims Act includes that the subsequently filed complaint conform to the presented claim.  *Stockett v. Assoc. of Cal. Water Agencies Joint Powers Authority*, 34 Cal. 4th 441, 447 (2004).  As noted by the California Supreme Court in *Stockett*, "section 945.4 requires *each cause of action* to be presented by a claim complying with section 910." *Id.* (emphasis added).  In other words, "[i]f a plaintiff relies on more than one theory of recovery against the [governmental agency] . . . the complaint is vulnerable to [dismissal] if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431, 434 (1988) (citations and quotations omitted).  That is because the purpose of the claim is to present sufficient detail

1  "to reasonably enable the public entity to make an adequate investigation of the merits of the

2  claim and to settle it without the expense of a lawsuit." *Blair v. Superior Court*, 218 Cal. App.

3  3d 221, 225 (1990) (citations and quotations omitted).

4      In *Fall River*, a student was injured when entering a campus building through a steel

5  door that closed hard enough to cause injury. *Fall River Joint Unified Sch. Dist., supra*, 206

6  Cal. App. 3d at 434.  Plaintiff filed his original complaint after his claim was rejected, setting

7  forth two causes of action: dangerous condition of public property and negligence. *Id.*  Eight

8  months later, plaintiff filed an amended complaint adding a third cause of action for negligent

9  failure to supervise students. *Id.*  The Court held the divergence between the claim and the

10  amended complaint was too great – that the complaint alleged liability on an entirely different

11  factual basis than what was set forth in the tort claim. *Id.* at 435-36; *see also Nelson v. State of*

12  *California*, 139 Cal. App. 3d 72, 79-81 (1982) (dismissal of amended complaint sustained on

13  appeal; facts alleged in prisoner's claim for medical malpractice did not correspond to facts

14  alleged in amended complaint for negligent failure to summon medical care).[5]

15      The SAC here alleges two distinct state law causes of action against the County: (1)

16  "Failure to Furnish/Summon Medical Care," and (2) "Professional Negligence/Medical

17  Malpractice."  A violation of Government Code section 845.6 for failure to summon medical

18  care, and a claim for medical malpractice, are different causes of action.  *See Castaneda v.*

19  *Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1061 (2013) (citations omitted).

20      The government tort claim filed by Plaintiff included "claims" for (1) Breach of

21  Fiduciary Duty; (2) failure to provide a "safe environment that would not cause injury to the

22  claimant"; (3) "Negligence" (with no additional details); (4) "Gross Negligence" by creating

23

24  _____

25      [5] Another line of cases hold that a variance between the facts stated in the claim and those alleged in the complaint is not fatal where the "apparent differences between the complaint and the claim were merely the result of plaintiff's addition of factual details or

26  additional causes of action," or where the complaint does not constitute a "complete shift in allegations." *Stevenson v. S.F. Housing Authority*, 24 Cal. App. 4th 269, 277 (1994) (claim for

27  premises liability and breach of contract supported later complaint for negligent failure to disclose latent defects because not based on different set of facts in claim).   As shown herein,

28  however, Plaintiff's tort claim here is not sufficiently related to the claims in the SAC.

an environment of risk of harm to the claimant by not having adequate policies for deputies to supervise workers cleaning the module; and (5) "Negligence" in providing inadequate slippers which "are dangerous to wear." *See* Declaration of Stacey M. Boyd in Support of Request for Judicial Notice ("Boyd Decl."), ¶ 4, Exh. A at pg. 2 [government tort claim filed by Plaintiff David Cook on September 29, 2014]. In the tort claim, Plaintiff also simply described the "type of claim" as "personal injury - slip [and] fall - stairs." *Id.* at pg. 1. The state law causes of action in Plaintiff's original complaint, and the FAC, which this Court dismissed *without leave to amend*, were vaguely related to the factual allegations and claims described above in Plaintiff's government tort claim, i.e., facts occurring *prior* to Plaintiff's slip and fall accident on the WCDF's stairs, such as failing to provide a safe environment (i.e., dangerous condition), providing inadequate slippers, and failure to supervise the jail's cleaning crew.

The SAC, however, focuses on alleged events that took place *after* the accident, namely, failure to summon medical care and negligent medical care. The tort claim did not include any facts to suggest negligent medical care or a failure to summon medical care by jail personnel or County employees, and none of the tort claim's five "causes of action" are related to said medical claims. Facts and allegations in the tort claim showing personal injuries, without more, are not enough to have put the County on notice of a medical negligence lawsuit. Indeed, the tort claim, consistent with the SAC, asserts facts showing jail personnel *summoned* medical care, and that Plaintiff *received* medical care, with no mention of any negligent care. Boyd Decl., Exh. A at pg. 1. Plaintiff's government tort claim did not remotely put the County on notice of any medical malpractice or failure to summon medical care action against it or its employees. therefore precluding any need to investigate the causes of action alleged in the SAC.

The fifth and sixth causes of action in the SAC are therefore both barred under California law and should be dismissed with prejudice.[6]

---

[6] The state law claims alleged in the SAC may also be barred because they were not brought within six months of the rejection of Plaintiff's government tort claim, as required under the Tort Claims Act. *See* Gov. Code, § 945.6(a)(1). Plaintiff's accident occurred on

**C.    Even If Plaintiff's State Law Causes Of Action Are Not Barred By The Tort Claims Act, They Each Fail To State Facts Sufficient To State A Claim For Relief.**

**1.    The Fifth Cause Of Action Fails Because The County And Its Employees Are Immune From Liability Under Government Code Sections 844.6 And 845.6 Based On The Facts Alleged In The SAC.**

Plaintiff brings the fifth cause of action for "failure to furnish/summon medical care," under California Government Code section 845.6.  Section 845.6 provides that:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856 [concerning mental illness and addiction], a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Gov. Code, § 845.6; *see also Castaneda, supra*, 212 Cal. App. 4th at 1070.   As noted in Defendant's motion to dismiss the FAC, "Section 844.6, subdivision (a)(2) establishes the [County's] immunity to liability for injuries to prisoners.  Section 845.6 both affirms public entity immunity to liability for furnishing medical care, and creates a narrow exception to that immunity."  *Castaneda*, 212 Cal. App. 4th at 1070.

As noted by the Northern District, "California courts have narrowly interpreted section 845.6 to create limited liability []."  *Frary, supra*, 81 F.Supp.3d at 842 (citing *Castaneda*). "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care," and requires "*actual or constructive knowledge* that the prisoner is in need of *immediate* medical care."  *Id.* (emphasis in original); *see also Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (citations omitted).  Thus, Section 845.6 "confers a broad general

---

September 26, 2014, he filed a tort claim on or about September 29, 2014, and the claim was rejected and notice sent on November 4, 2014.  Plaintiff filed the original complaint on May 5, 2015, and the FAC on September 10, 2015.  Plaintiff filed the instant SAC on January 9, 2016, alleging medical malpractice and failure to summon medical care for the first time, over a year after notice of rejection is mailed.  Plaintiff's allegation that the tort claim was rejected on September 30, 2014, while incorrect, would make the original complaint filed on May 5, 2015, time barred as well.

1    immunity on the public entity and the duty to summon medical care under section 845.6

2    neither encompasses a duty to provide reasonable medical care, nor includes a concomitant

3    duty to assure that prison medical staff properly diagnose and treat the medical condition, nor

4    imposes a duty to monitor the quality of care provided." *Castaneda*, 212 Cal. App. 4th at 1072

5    (citing *Watson v. California*, 21 Cal. App. 4th 836, 841-43 (1993)). "The statute does not

6    create liability of the public entity for malpractice in furnishing or obtaining that medical

7    care." *Castaneda*, 212 Cal. App. 4th at 1070.

8           In *Castaneda*, the department defendant had not only summoned medical care for the

9    prisoner as contemplated by Section 845.6, but it had treated the prisoner. *Castaneda*, 212

10   Cal. App. 4th at 1072.  Thus, the Court held that as a matter of law, because the facts did not

11   amount to a failure to summon immediate medical care, the public entity remained immune

12   from liability for injuries to the prisoner under Sections 844.6 and 845.6. *Id.* at 1073-74.  The

13   Court found that any omissions related to the prisoner's medical care thereafter were issues of

14   medical malpractice. *Id.* at 1072-74.

15          Here, similarly, the SAC alleges that medical care was indeed summoned by jail

16   officials immediately after Plaintiff's injury on September 26, 2014, and medical care was also

17   immediately provided, as well as over a period of time. *See* SAC, ¶¶ 3, 22-29.  There are no

18   facts alleged to show that after the initial injury, when care was summoned, any subsequent

19   medical need was either "immediate," or that any *defendant* had "actual or constructive

20   knowledge" that Plaintiff was in need of immediate medical care. *See* SAC, ¶¶ 3, 30-33.

21   Thus, under the facts alleged, the County is immune from liability under Section 845.6. *See*

22   *Castaneda*, 212 Cal. App. 4th at 1070-71 & 1072 n.10; *see also Sims v. Lopez*, 2012 U.S. Dist.

23   LEXIS 14896, at *9 (E.D. Cal. Feb. 7, 2012) (dismissing section 845.6 claims where medical

24   issues were ongoing and claims arose from failure to properly treat the medical conditions, i.e.,

25   quality of care over time, and not immediate care for "sudden serious medical need"); *Horn v.*

26   *State of Cal.*, 2005 U.S. Dist. LEXIS 28265, at *8-9 (E.D. Cal. Nov. 16, 2005) (granting

27   motion to dismiss section 845.6 claim where there were no facts pled that defendants were

28   aware of need for immediate medical care).

1    Accordingly, the fifth cause of action must be dismissed with prejudice.[7]

2    **2.    The Sixth Cause Of Action Fails As A Matter of Law Because Plaintiff Does Not Identify A Statute To Hold The County Liable Under A Negligence Theory.**

4    As noted in Defendant's motion to dismiss the FAC, under the California Tort Claims Act, "[e]xcept as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Gov. Code, § 815, subd. (a); *see also Eastburn v. Regional Fire Prot. Authority*, 31 Cal. 4th 1175, 1183 (2003); *Zelig v. Cnty. of Los Angeles*, 27 Cal. 4th 1112, 1127 (2002).

10    To state a cause of action against the County, Plaintiff must identify a specific statute and show that it imposes a mandatory duty on the part of the County. *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498-99 (2000); *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792, 802 (1986); Gov. Code, §§ 815, subd. (a), 815.6. Every fact essential to the existence of statutory liability must be pleaded with particularity. *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 809 (1969); *Brenner, supra,* 113 Cal. App. 4th at 439; *Mahach-Watkins v. Depee*, 2005 U.S. Dist. LEXIS 49688, at *7 (N.D. Cal. July 11, 2005).

17    Here, similar to the FAC's "General Negligence" cause of action, Plaintiff does not identify any statutes under the "Professional Negligence/Medical Malpractice" cause of action. Plaintiff simply asserts that it is brought under "Cal. State Law." *See* SAC, "Sixth Claim for Relief." That is not sufficient. *See Estate of Bock v. Cnty. of Sutter*, 2012 U.S. Dist. LEXIS 15720, at *30 (E.D. Cal. Feb. 8, 2012) (holding professional negligence/medical malpractice claim against County must allege a statutory basis for cause of action under California law). Accordingly, Plaintiff's sixth cause of action against the County fails as a matter of law.

---

[7] Further, the SAC states that the County "is vicariously liable for the conduct of Horowitz" and Does I through XX. *See* SAC, ¶¶ 58, 61. Defendant is unsure who "Horowitz" is, as he or she is not a named defendant. Regardless, as discussed herein, the County cannot be held liable pursuant to Section 845.6 because the government tort claim did not include any facts to show any medical based claims against any employees, the employees did indeed summon medical care, and the employees and the County are immune under Sections 844.6 and 845.6.

### 3. The Sixth Cause Of Action Also Fails On A Vicarious Liability Theory Because There Can Be No Vicarious Liability Of A Public Entity For Injury To A Prisoner From Medical Malpractice.

Plaintiff again does not cite to Government Code section 815.2 anywhere in the SAC, but alleges in the sixth cause of action that the County "is vicariously liable" for the alleged negligent medical care provided to Plaintiff.  SAC, ¶ 61.  Section 815.2 provides that public entities are liable for injuries caused by their employees within the scope of their employment "if the act or omission would, apart from this section, have given rise to a cause of action against that employee."  But Government Code section 845.6, discussed above, "does not create liability of the public entity for malpractice in furnishing or obtaining [] medical care [to prisoners]. . . . *Nor does the statute make the [public entity] 'vicariously liable' for the medical malpractice of its employees*."  *Castaneda, supra*, 212 Cal. App. 4th at 1070 (emphasis added).  *See also Nelson, supra*, 139 Cal. App. 3d at 78-79 (State could not be held liable for medical malpractice cause of action by prisoner even though it may have to pay judgment against its employees for malpractice); *supra*, Gov. Code, § 844.6 (immunity for injury to prisoner from negligence).  Thus, "the [public entity] is immune from suit directly." *Castaneda,* 212 Cal. App. 4th at 1071.

Accordingly, the sixth cause of action *against the County* for medical malpractice must be dismissed without leave to amend.[8]

///

///

///

---

[8] The sixth cause of action also fails because (1) medical malpractice claims under California law must be brought within one year after the plaintiff discovers the injury (*see* Civ. Proc. Code, § 340.5, and *supra*, n.6); and (2) Plaintiff does not allege that he met the requirements of California Code of Civil Procedure section 364, which states that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Civ. Proc. Code, § 364(a).  The notice must notify the defendant of the legal basis of the claim, including with specificity the nature of the injuries suffered.  Civ. Proc. Code, § 364(b).  As noted above, Plaintiff's government tort claim fails to provide any notice of a medical negligence claim, and Plaintiff does not allege that he provided any other notice.

1   **VI.    CONCLUSION**

2          As set forth above, the Second Amended Complaint fails to state a claim against Contra

3   Costa County upon which relief can be granted.  Therefore, Plaintiff's Second Amended

4   Complaint must be dismissed in its entirety.

5

6   DATED: January 22, 2016                    SHARON L. ANDERSON, County Counsel

7

8                                       By: _____
                                                          /s/
9                                              NIMA E. SOHI
                                               Deputy County Counsel
10                                             Attorneys for Defendant
                                               COUNTY OF CONTRA COSTA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28