UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID COOK,

         Plaintiff,

    v.

COUNTY OF CONTRA COSTA, et al.,

         Defendants.

Case No. 15-cv-05099-TEH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

      This matter came before the Court on March 7, 2016, for a hearing on Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Having carefully considered the parties' written and oral arguments, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

**BACKGROUND** [1]

      On September 26, 2014, while incarcerated at the West County Detention Facility ("WCDF") in Richmond, California, Plaintiff David Cook ("Plaintiff") slipped and fell on a spilled substance on the stairs. Second Amended Complaint ("SAC") ¶¶ 19, 22 (Docket No. 13). As a result of the fall, Plaintiff suffered major injuries to his left eye and surrounding tissue, and trauma to his head and face. Plaintiff filed his initial complaint in state court on May 5, 2014, in pro per. Removal Notice at 1 (Docket No. 1). Plaintiff, having retained counsel, properly served Defendant County of Contra Costa (the "County") with the First Amended Complaint ("FAC") on October 26, 2015. *Id.* at 2. Defendant removed the action to this Court on November 6, 2015. *Id.* On December 17, 2015, the Court granted the County's motion to dismiss the First Amended Complaint

---

[1]    All facts set forth in this section, unless otherwise noted, are found in the Second Amended Complaint and will be taken as true for purposes of this motion.

("FAC").  Order Dismissing FAC (Docket No. 12).  The Order dismissed with prejudice Plaintiff's two state law negligence claims, which were based on the dangerous condition of the WCDF property, but allowed Plaintiff to amend his federal claims, which were premised on 42 U.S.C. § 1983 ("Section 1983").

Plaintiff filed his SAC on January 9, 2016.[2]  Plaintiff alleges new facts in the SAC relating to acts and omissions of various WCDF employees after Plaintiff's slip-and-fall occurred.  Plaintiff alleges that after the accident on September 26, 2014, WCDF employees (1) "attended to plaintiff"; (2) "called a Code Two Medical Assistance"; and (3) requested an ambulance which transported Plaintiff to Contra Costa Regional Medical Center (the "Medical Center").  SAC ¶¶ 23-25.  Plaintiff alleges that when he was at the Medical Center complaining of eye pain and headaches, a doctor ordered a CT and diagnosed Plaintiff with various conditions.[3]  *Id.* ¶ 27.  Plaintiff alleges that he underwent eye surgery to repair a detached retina by Dr. Goldberg of the Bay Area Retina Associates on September 29, 2014.  *Id.* ¶ 29.  Plaintiff further alleges that he sought further treatment through office visits to the Medical Center on September 30, 2014, November 6, 2014, December 23, 2014 and February 23, 2015.[4]  *Id.* ¶ 28.

In the "Introduction" section of the SAC, Plaintiff alleges that upon discharge from the Medical Center, "the staff noted that Plaintiff should seek immediate medical care if he experienced, among other symptoms, the following: a drop in vision in either eye, swelling and bruising around either eye, one eye seems to be sunken compared to the other…"  *Id.* ¶ 3.  Plaintiff alleges that the WCDF medical staff did not communicate these instructions to the custodial officers at WCDF.  *Id.*

---

[2]  The Court notes that Plaintiff's SAC was due on January 8, 2016.  *See* Order Dismissing FAC at 8.  However, Plaintiff's counsel explained in his opposition papers that the untimely filing was due to technical e-filing difficulties.  Opp'n at 4.  The Court finds that there could not have been prejudice to any party as a result of a 24 minute late filing.

[3]  Plaintiff was diagnosed with "ptosis of the left upper eye lid, traumatic hyphema, ocular hypertension, retinal tear, eyelid laceration – full thickness (not involving lacrimal passages) – left upper eye lid, orbital fracture (floor & medial walls) – left, extropia, and vitreous hemorrhage – left eye."  SAC ¶ 27.

[4]  Notably, the last two visits occurred after Plaintiff was released from WCDF on December 15, 2014.  SAC ¶ 18.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Although the timing is unclear, Plaintiff alleges that "while recovering from the subject incident," Plaintiff complained of swelling and pain to his face, cheekbone, and eye, and as a result submitted "several requests for pain medicine" which were denied.  *Id.* ¶ 30.  Plaintiff also alleges that "immediately after discharge" from the Medical Center, Plaintiff complained of pain and swelling to his left eye, but "was never immediately returned to the Medical Center for treatment" as advised by the discharge instructions.  *Id.* ¶ 31.  Plaintiff further alleges that he was denied a second surgery because it was referred to as a "cosmetic surgery," and that as a result of the denial, he lost 70% of the vision in his left eye.  *Id.* ¶ 33.

The County filed the instant motion to dismiss on January 22, 2016.[5]  Motion to Dismiss ("Mot.") (Docket No. 14).  The County also filed a request for judicial notice, which Plaintiff did not oppose.  Request for Judicial Notice ("RJN") (Docket No. 15).  Plaintiff timely opposed the motion to dismiss, and the County timely replied.  Opposition ("Opp'n") (Docket No. 20); Reply (Docket No. 22).

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

///

---

[5]     The SAC also names various individual defendants who have not yet been served; thus, this Order only concerns the County.

United States District Court
Northern District of California

1    In ruling on a motion to dismiss, a court must "accept all material allegations of fact

2    as true and construe the complaint in a light most favorable to the non-moving party."

3    *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  Courts are not,

4    however, "bound to accept as true a legal conclusion couched as a factual allegation."

5    *Iqbal*, 556 U.S. at 678.  The non-moving party must provide "more than labels and

6    conclusions, and a formulaic recitation of the elements of a cause of action will not do."

7    *Twombly*, 550 U.S. at 555.  A court may consider the pleadings, along with any exhibits

8    properly attached thereto.  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896

9    F.2d 1542, 1555 n.19 (9th Cir. 1989).

10   "[I]f a complaint is dismissed for failure to state a claim upon which relief can be

11   granted, leave to amend may be denied, even if prior to a responsive pleading, if

12   amendment of the complaint would be futile."  *Albrecht v. Lund*, 845 F.2d 193, 195 (9th

13   Cir. 1988).  However, dismissal of claims that fail to meet this standard should be with

14   leave to amend unless it is clear that amendment could not possibly cure the complaint's

15   deficiencies.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

16

17   **DISCUSSION**

18   The SAC alleges six causes of action.  The first four are federal causes of action

19   under Section 1983: (1) "Deliberate Indifference to Serious Medical Needs, Health and

20   Safety – 8th Amendment (42 U.S.C. Section 1983)"; (2) "Unconstitutional Policy (42

21   U.S.C. Section 1983)"; (3) "Unconstitutional Practices/De Facto Policy (42 U.S.C. Section

22   1983)"; and (4) "Supervisory Liability (42 U.S.C. Section 1983)."  The final two causes of

23   action arise under state law: (5) "Failure to Furnish/Summon Medical Care (Cal. Govt.

24   Code § 845.6)"; and (6) "Professional Negligence/Medical Malpractice (Cal. State Law)."

25   For reasons explained below, all of Plaintiff's claims in the SAC must be dismissed.

26

27   ///

28   ///

4

United States District Court
Northern District of California

1

## I.      Plaintiff's State Law Causes of Action Are Barred by the Tort Claims Act

2          A plaintiff cannot file a lawsuit under California state law for money or damages

3   against a public entity without first presenting a tort claim pursuant to Government Code

4   Section 945.4.  Section 910 of the Government Code governs the specific requirements for

5   a tort claim: the claim must include a general description of the injuries and the names of

6   the public employees who caused them.  Cal. Gov. Code § 910.  Furthermore, the facts set

7   for the in the written claim must correspond with facts alleged in any complaint.  *Nelson v.*

8   *State of Cal.*, 139 Cal. App. 3d 72, 79 (1982).  "If a plaintiff relies on more than one theory

9   of recovery, each cause of action must have been reflected in a timely [tort] claim."  *Id.*

10         The purpose of the Tort Claims Act is "to provide the public entity sufficient

11  information to enable it to adequately investigate claims and to settle them, if appropriate,

12  without the expense of litigation."  *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455

13  (1974).  Consequently, "a claim need not contain the detail and specificity required of a

14  pleading, but need only 'fairly describe what [the] entity is alleged to have done.'"

15  *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446

16  (2004) (quoting *Shoemaker v. Myers*, 2 Cal. App. 4th 1407, 1426 (1992)).

17         Here, Plaintiff filed a tort claim with Contra Costa County on September 30, 2014.

18  Ex. A to RJN.[6]  The claim was found to "compl[y] substantially with Sections 910 and

19  910.2," however, the claim was rejected in full on November 4, 2014.  *Id.*  Plaintiff's tort

20  claim alleges facts relating to the slip-and-fall incident, as well as the WCDF's failure to

21  provide proper footwear to prevent falls.  Plaintiff's tort claim does not allege any events

22  following the fall, nor does it name any of the WCDF medical staff.

23         The facts of this case are analogous to *Fall River Joint Unified School District. v.*

24  *Superior Court*, where a plaintiff's tort claim alleged facts relating to a dangerous

25  _____

26  [6]     The Court hereby GRANTS the County's request for judicial notice of Plaintiff's
    tort claim.  The Court may judicially notice "adjudicative facts" that are "not subject to
27  reasonable dispute."  Fed. R. Evid. 201(a),(b).  Furthermore, public records are appropriate
    matters for judicial notice.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.
28  1986).  The Court does not judicially notice the facts within the tort claim for their truth,
    but rather for what facts were alleged, for comparison to Plaintiff's SAC.

condition on public property (a school campus), but the amended complaint added a claim for failure to supervise students who were engaging in dangerous horseplay.  206 Cal. App. 3d 431 (1988).  The *Fall River* Court held that the supervision cause of action was barred by the Tort Claims Act because it "patently attempt[ed] to premise liability on an entirely different factual basis than what was set forth in the tort claim."  *Id.* at 435; *see also Donohue v. State of Cal.*, 178 Cal. App. 3d 795, 804 (1986) ("permitting an uninsured motorist to take a driving test [the only theory alleged in the tort claim] is not the factual equivalent of the failure to control or direct the motorist in the course of his examination;" thus, the second theory was barred by the Tort Claims Act); *cf. Stockett*, 34 Cal. 4th at 447 (wrongful termination claim in complaint was not barred by the Tort Claims Act merely because it alleged a different theory as to the basis of the termination); *Blair v. Superior Court*, 218 Cal. App. 3d 221 (1990) (complaint setting forth different causes of a car accident which all related to road conditions was not barred by Tort Claims Act).

Here, Plaintiff's SAC does not merely provide a "fuller exposition of the factual basis" in the tort claim," but rather is based on an entirely different set of facts, concerning a different set of actors and setting forth different, unrelated causes of action.  *Stockett*, 34 Cal. 4th at 447.  A tort claim that is entirely focused on adequacy of footwear and maintenance of property to prevent slip-and-fall accidents could not conceivably put a defendant on notice that a plaintiff would sue for the failure to provide medication and/or surgery.  This is especially true where, as here, the alleged failure to furnish medical care and medical malpractice claims are based on acts or omissions that occurred days – if not weeks – after the accident occurred, and were not alleged anywhere in the tort claim.

For these reasons, the Court finds that the facts alleged in Plaintiff's SAC diverge too greatly from the facts alleged in Plaintiff's tort claim, such that the County was not on notice to investigate possible claims related to medical malpractice or failure to furnish/summon medical care.  Therefore, Plaintiff's Fifth and Sixth Causes of Action are barred by the Tort Claims Act, and shall be dismissed.  Because the statute of limitations has expired on the filing of Plaintiff's tort claim, the dismissal is with prejudice.

United States District Court
Northern District of California

## II.     Plaintiff's Federal Causes of Action Fail to Plead *Monell* Liability

To state a claim under Section 1983, the complaint must allege: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

### A.     Direct Municipal Liability

It is well-settled that Plaintiff cannot hold the County, a municipality, liable for employees' actions under a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, under *Monell*, a municipality can be sued directly under Section 1983 only where (1) the alleged unconstitutional conduct is the result of an official policy, pattern, or practice, or (2) a government practice, although "not authorized by written law,...[is] so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.* at 691 (citation omitted). As to the latter basis for liability, "[t]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled...policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

"In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward*, No. 12-CV-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. Cty. of San Diego*, No. 10-1057, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)).

### B.     Deliberate Indifference Municipal Liability

All four federal causes of action arise under Section 1983, for violations of the Eighth Amendment. "Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'" *Gibson v. Cty. of Washoe,*

*Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Thus, the standard requires actual or constructive knowledge consistent with the criminal law standard of recklessness – it is not enough to say that a person *should have* been aware of the risk.  *Farmer*, 511 U.S. at 836-37; *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001).

For municipal liability under a deliberate indifference theory, a plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation. City of *Canton, Ohio v. Harris,* 489 U.S. 378, 387 (1989). Thus, the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation. *Farmer,* 511 U.S. at 841.

**C.    Plaintiff's SAC fails to allege a County policy, custom or practice.**

Plaintiff should by now be aware that his Section 1983 claims against the County cannot survive in the absence of properly pleaded *Monell* liability.  *See* Order Dismissing FAC at 6-8 (dismissing the Section 1983 claims in the FAC for failure to state a claim of municipal liability under *Monell*).  Yet the SAC still provides nothing but conclusory allegations to allege a "policy or custom" of constitutional violations by the County.  Even assuming that the conduct of the WCDF employees was unconstitutional under the Eighth Amendment, the SAC does not state which "policy or custom" caused the alleged constitutional violations.

For example, Plaintiff's allegations (1) that he was denied pain medication and a subsequent surgery, and (2) that discharge instructions were ignored, fail to identify any specific policy promulgated by the County (or an employee with final policy-making authority) requiring personnel to deny inmates' requests for pain medication or surgery, or to ignore discharge instructions by medical personnel.  Instead, Plaintiff makes conclusory allegations that his medical needs were ignored due to some unspecified "policy" or "unconstitutional practice/de facto policy," which is insufficient to meet Plaintiff's burden. *See* Iqbal, 556 U.S. at 679.

"While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Roy v. Contra Costa Cty.*, No. 15-CV-02672-TEH, 2016 WL 54119, at *4 (N.D. Cal. Jan. 5, 2016). Such a burden is especially important here, where it is facially implausible that the County maintains an official, County-sanctioned policy to ignore discharge instructions and deny inmates' necessary medical care. For these reasons, the Court finds that Plaintiff fails to allege *Monell* liability in the SAC; thus, the federal claims in the SAC shall be dismissed. However, the deficiency could be cured by amendment, by inserting factual allegations as to the County's unconstitutional policy, custom or practice.[7] Therefore, the dismissal is without prejudice.

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS WITH PREJUDICE Defendant's motion to dismiss Plaintiff's state law claims (Fifth and Sixth Causes of Action), and GRANTS WITHOUT PREJUDICE Defendant's motion to dismiss Plaintiff's federal causes of action (First through Fourth Causes of Action). Plaintiff shall file any amended complaint no later than **Thursday, March 31, 2016**.

**IT IS SO ORDERED.**

Dated:  03/10/16

_____
THELTON E. HENDERSON
United States District Judge

United States District Court
Northern District of California

---

[7]    This Order does not address the alleged policies set forth on pages six and seven of Plaintiff's Opposition brief and reiterated at oral argument, as the Court cannot consider facts outside of the pleadings, and "[i]t is axiomatic that the [SAC] may not be amended by the briefs in opposition to a motion to dismiss." *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 780 F. Supp. 2d 1061, 1075 n.10 (D. Haw. 2011).