1  SHARON L. ANDERSON (SBN 94814)
   County Counsel
2  NIMA E. SOHI (SBN 233199)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, Ninth Floor
4  Martinez, California 94553
   Telephone:   (925) 335-1800
5  Facsimile:   (925) 335-1866
   Electronic Mail: nima.sohi@cc.cccounty.us
6
   Attorneys for Defendant
7  COUNTY OF CONTRA COSTA

8

                  UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12 | DAVID COOK,                                | No. C15-05099 TEH
13 |         Plaintiff,                         | DEFENDANT COUNTY OF CONTRA
14 | v.                                         | COSTA'S NOTICE OF MOTION
   |                                            | AND MOTION TO DISMISS ALL CLAIMS
15 | COUNTY OF CONTRA COSTA;                    | IN PLAINTIFF'S THIRD AMENDED
   | Contra Costa County Sheriff DAVID O.       | COMPLAINT AGAINST IT;
16 | LIVINGSTON; Contra Costa County            | MEMORANDUM OF POINTS AND
   | Assistant Sheriff MATTHEW                  | AUTHORITIES
17 | SCHULER; West County Detention
   | Facility Commander LT. CRAIG               | [Fed. R. Civ. P. 12(b)(6)]
18 | BROOKS; West County Detention
   | Facility Nursing Director ELENA            | Date:   June 6, 2016
19 | O'MARY; Chief Medical Officer of           | Time:   10:00 a.m.
   | Contra Costa Regional Medical Center       | Crtrm:  2, 17th Floor
20 | and West County Detention Facility         | Judge:  Hon. Thelton E. Henderson, Presiding
21 | Medical Director DAVID GOLDSTEIN,
   | and DOES I to XX, inclusive,               | Date Action Filed:  May 5, 2015
22 |                                            | Trial Date:  None Assigned
   |         Defendants.
23

24

25

26

27

28

DEFENDANT COUNTY OF CONTRA COSTA'S NOTICE OF MOTION AND MOTION TO DISMISS
ALL CLAIMS IN PLAINTIFF'S THIRD AMENDED COMPLAINT AGAINST IT;
MEMORANDUM OF POINTS AND AUTHORITIES – Case No. C15-05099 TEH

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES................................. 1

I.  INTRODUCTION. ........................................................... 1

II. ISSUES TO BE DECIDED. ................................................ 2

III. SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE TAC.................. 2

IV. LEGAL STANDARD........................................................ 4

V.  LEGAL ARGUMENT....................................................... 5

    A.  The TAC Again Fails To Allege Facts To State A Plausible Section 1983 *Monell* Claim Against The County. ........................ 5

        1.  Pleading Standard for Direct Municipal Liability Claims. ........... 5

        2.  Plaintiff's TAC Fails to Allege a County Policy, Custom or Practice that Caused the Alleged Eighth Amendment Violations. ........................................................ 6

VI. CONCLUSION.............................................................. 12

**TABLE OF AUTHORITIES**

**Cases**

*AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . 4

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997). . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 12

*Bedford v. City of Hayward,* 2012 U.S. Dist. LEXIS 148875
(N.D. Cal. Oct. 15, 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 12

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . 11

*Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*City of Canton v. Harris*, 489 U.S. 378 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Connick v. Thompson*, 563 U.S. 51 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
911 F.2d 242 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Flores v. Cnty. of L.A.*, 758 F.3d 1154 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Frary v. Cnty. of Marin*, 81 F. Supp. 3d 811 (N.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . . . 9, 10

*Gibson v. Cnty. of Washoe*, 290 F.3d 1175 (9th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jones v. Bock*, 549 U.S. 199 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meehan v. L.A. Cnty.*, 856 F.2d 102 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Moffett v. Gonzalez*, 2014 U.S. Dist. LEXIS 18598 (N.D. Cal. Feb. 13, 2014). . . . . . . . . . 7, 10

*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Papasan v. Allain*, 478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432 (9th Cir. 1997). . . . . . . . . . . . . 6

*Porter v. Nussle*, 534 U.S. 516 (2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Roy v. Contra Costa Cnty.*, 2016 U.S. Dist. LEXIS 1285 (N.D. Cal. Jan. 5, 2016). . . . . . . . . . 8

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Woodford v. Ngo,* 548 U.S. 81 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes and Rules**

42 United States Code Section 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5-7, 11

42 United States Code Section 1997e(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

California Government Code Section 950.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Monday, June 6, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant COUNTY OF CONTRA COSTA[1] will and hereby does move this Court for an order under Federal Rule of Civil Procedure 12(b)(6) dismissing all claims for relief asserted against it in the Third Amended Complaint because they fail to allege sufficient facts to state a claim for relief.

This motion is supported by this notice, the memorandum of points and authorities, all the papers and records on file in this action, and such other materials as may be submitted at or before the hearing on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Third Amended Complaint ("TAC") by Plaintiff David Cook ("Plaintiff") against Defendant County of Contra Costa ("Defendant" or "County") asserts four federal claims under Section 1983.[2] The claims all arise from alleged deliberate indifference to Plaintiff's

---

[1] The individually named defendants were never served with a Summons or the Second Amended Complaint ("SAC"). As of the time of filing this motion, the individually named defendants still have not been served with a Summons and now the Third Amended Complaint. Thus, this motion to dismiss is brought only on behalf of Defendant County of Contra Costa.

[2] The fifth and sixth claims for relief in the TAC, brought under state law, are now asserted against only the individual defendants, *and not the County*. This Court dismissed those same claims against the County, *with prejudice*, in its Order granting the motion to dismiss the SAC. *See* ECF Doc. No. 24 at 5:1-6:28. The state law claims in the TAC still fail as a matter of law, however, for the same reasons set forth in the County's motion to dismiss the SAC, and the Court's order granting same. Namely, Plaintiff's government tort claim did not allege any facts to support a medical negligence and/or failure to summon medical care claim. Therefore, just as Plaintiff failed to put the County on notice of any such claims, thereby barring Plaintiff's claims against the County, County employees also could not have been put on notice of any such claims, and the claims will be similarly barred against them as well. *See* Cal. Gov. Code, § 950.2. The County thus respectfully submits that the Court should dismiss the fifth and sixth claims for relief against the individual defendants as well, who are all County employees. A separate motion to dismiss the state law claims by the individual defendants, assuming they are ever properly served with the TAC, setting forth the same exact arguments already considered by this Court, is not necessary and a waste of judicial time and resources.

---

medical needs following a slip-and-fall accident on September 26, 2014, at the West County Detention Facility ("WCDF"). As this Court has now noted in two separate Orders granting the County's motions to dismiss the first amended complaint ("FAC") and SAC, the Section 1983 claims against the County require that Plaintiff allege factual content to support a plausible *Monell* claim. In other words, Plaintiff must plead facts showing that a County policy, custom or practice **caused** the alleged deliberate indifference to his medical needs.

Similar to the FAC and SAC, however, Plaintiff's TAC still falls short of stating any plausible *Monell* claim against the County under the *Iqbal*/*Twombly* standard. Plaintiff has failed to identify any specific policy or custom that caused any alleged constitutional violation. As this Court stated in its March 10, 2016 Order (Doc. No. 24), Plaintiff's burden to identify specific policies or customs "is especially important here, where it is facially implausible that the County maintains an official, County-sanctioned policy to ignore discharge instructions and deny inmates' necessary medical care." Because Plaintiff has now had three attempts to amend the complaint to state a plausible claim against the County, Defendant respectfully requests that the Court dismiss all causes of action against the County with prejudice and without further leave to amend.

## II.    ISSUES TO BE DECIDED

1.    Do the first, second, third, and fourth claims for relief under 42 U.S.C. § 1983 against Defendant County of Contra Costa fail to allege facts to establish *Monell* liability, i.e., that official policy, custom, practice or inadequate training was the moving force behind any alleged constitutional violation?

## III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE TAC[3]

On September 26, 2014, while incarcerated at the WCDF in Richmond, California, Plaintiff slipped and fell on a staircase. TAC, ¶¶ 3, 19, 22 (Doc. No. 28). Following the fall, Deputy D. Chilimodos attended to Plaintiff and reported that Plaintiff was complaining of

---

[3] Facts from the TAC are accepted as true for purposes of this motion only. Please refer to the County's prior motions to dismiss, and this Court's Order Granting the SAC (Doc. No. 24), for a full summary of the procedural background of this action.

pain, and Chilimodos observed that Plaintiff's left eye was swollen and there was blood on his cheek. TAC, ¶ 23. Deputy Chilimodos called a Code Two Medical Assistance. TAC, ¶ 24. In response, Lt. Bonthron, Sgt. Terrill, and medical staff (Eurydice, Dora, Karen) arrived. *Id.* An AMR ambulance was requested, and Plaintiff was transported to Contra Costa Regional Medical Center. TAC, ¶ 25. Deputy Chilimodos then investigated the cause of the fall and discovered some unknown liquid material on the stairs. TAC, ¶ 26.

At the Regional Medical Center, a CT of the facial bone and head was ordered, and Plaintiff was diagnosed with eye injuries. TAC, ¶ 27. Upon discharge from the Regional Medical Center, Medical Center staff noted some instructions if Plaintiff experienced certain symptoms. TAC, ¶ 3. WCDF medical staff did not communicate discharge instructions or medical requirements to custodial officers at the WCDF. *Id.* WCDF custodial officers refused to provide proper medical care. *Id.* But Plaintiff received further medical treatment for the injuries sustained on September 26, 2014, through visits to the Regional Medical Center on September 30, 2014, November 6, 2014, December 23, 2014, and February 23, 2015.[4] TAC, ¶ 28. And on September 29, 2014, Plaintiff underwent eye surgery to repair a detached retina by Dr. Goldberg of the Bay Area Retina Associates. TAC, ¶ 29. Although the timing is unclear, Plaintiff alleges that, while recovering from the subject incident, he complained of swelling and pain to his face, cheek bone, and eye, and submitted several requests for pain medicine which were denied on a number of occasions. TAC, ¶ 30. Between September 2014 and November 2014, Plaintiff filed 11 grievances for medical care that were ignored or never acted on by Defendants. TAC, ¶ 53. At some unspecified date, Plaintiff was also denied a second surgery in San Pablo, California, because it was considered a "cosmetic surgery." TAC, ¶ 54.

Plaintiff asserts that Defendants failed to "train, supervise, and/or promulgate appropriate policies and procedures at the jail in order to prevent this incident," which he

---

[4] As this Court correctly noted, "[n]otably, the last two visits occurred after Plaintiff was released from WCDF" on December 16, 2014. *See* Order at 2 n.4 (Doc. No. 24); TAC, ¶ 18.

alleges constitutes "deliberate indifference to [Plaintiff's] known serious medical needs." TAC, ¶ 60.  Plaintiff alleges that Defendants' deliberate indifference to his serious medical needs were the direct and proximate result of policies, customs, practices or de facto policies, and that such customs, practices and/or de facto policies are "an ongoing pattern of deliberate indifference to the medical needs, health and safety of jail inmates."  TAC, ¶¶ 66-69, 71-74, 77-78.

Plaintiff admits that he has not alleged any specific policies "governing the series of events that gave rise to this suit."  TAC, ¶ 43.  But he alleges that (1) a "policy and procedure" related to requirements that inmates must follow in order to properly submit and appeal grievances, and (2) Plaintiff's recollection about the procedures he had to follow to seek medical care, "promulgate delay and denial of treatment."  TAC, ¶¶ 39-45.

## IV.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief may be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).  All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

In order to survive a motion to dismiss, a plaintiff must allege facts that are enough to raise his right to relief "above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement,'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

When granting a motion to dismiss, a court is not required to grant leave to amend if amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## V.   LEGAL ARGUMENT

### A.   The TAC Again Fails To Allege Facts To State A Plausible Section 1983 *Monell* Claim Against The County.

#### 1.   Pleading Standard for Direct Municipal Liability Claims.

Because liability of a municipality under Section 1983 must rest on actions of the municipality – and not the actions of its employees – a plaintiff must show that the alleged constitutional deprivation was the product of a policy or custom of the municipality. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Brown*, 520 U.S. at 400 (quoting *Monell*, 436 U.S. at 694, emphasis in original).

Thus, to state a claim, a plaintiff must allege **facts** (1) showing that he possessed a constitutional right of which he was deprived; (2) **"identify[ing]" an officially adopted policy or permanent custom** of the local government; (3) showing that the policy amounts to **deliberate indifference** to the plaintiff's constitutional rights; and (4) showing that the policy or custom **"caused"** an employee to violate another person's constitutional right, i.e., is the

moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002); *Monell*, 436 U.S. at 691-92 (citing 42 U.S.C. § 1983); *Brown*, 520 U.S. at 403.

After *Twombly* and *Iqbal*, "[i]n order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, conducts or habits." *Bedford v. City of Hayward,* 2012 U.S. Dist. LEXIS 148875, at *36 (N.D. Cal. Oct. 15, 2012) (rejecting plaintiff's conclusory allegations as insufficient to establish liability under Section 1983 and *Monell*, citations and quotations omitted); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that *Twombly* and *Iqbal* pleading standard also applies to *Monell* claims).

**2. Plaintiff's TAC Fails to Allege a County Policy, Custom or Practice that Caused the Alleged Eighth Amendment Violations.**

Here, like the SAC, the TAC's first, second, third, and fourth claims for relief against the County (and the individual defendants), are brought under Section 1983, for violations of the Eighth Amendment. Under the *Iqbal/Twombly* standard, Plaintiff's TAC still does not state a **plausible** *Monell* claim against the County, under any theory. Even assuming that the conduct of WCDF employees was unconstitutional under the Eighth Amendment, i.e., that a County employee was deliberately indifferent to Plaintiff's medical needs, the TAC does not state which "policy or custom" caused the alleged constitutional violations. Even the most liberal reading of the TAC sheds no light on the possible identity of a County policy, practice, or custom that "amounts to deliberate indifference to the plaintiff's constitutional rights," and that may have **caused** the deprivation of any of Plaintiff's constitutional rights.

For example, Plaintiff alleges (1) that he was denied pain medication and a subsequent surgery, (2) that discharge instructions were ignored, and (3) that he did not receive medical care in a timely fashion. But the TAC fails to identify any specific policy promulgated by the County, or an employee with final policy-making authority, requiring personnel to deny inmates' requests for pain medication or surgery, or to ignore discharge instructions by

1 medical personnel, or to delay necessary medical treatment.  The only "policy" alleged in the
2 TAC is the Custody Services Bureau ("CSB") policy, which sets forth the procedures and
3 discrete steps inmates must follow in order to properly submit and appeal grievances,
4 including grievances regarding medical care.  TAC, ¶¶ 40-42.

5       The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought
6 with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . .
7 until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
8 Under the PLRA, correctional institutions, including jails, have discretion to implement
9 necessary procedures relating to grievance of confinement issues and exhaustion of
10 administrative remedies.  "[I]t is the facility's requirements, and not the PLRA, that define the
11 boundaries of proper exhaustion." *Moffett v. Gonzalez*, 2014 U.S. Dist. LEXIS 18598, at *4-5
12 (N.D. Cal. Feb. 13, 2014) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)); *see also Woodford*
13 *v. Ngo,* 548 U.S. 81, 90 (2006) (proper exhaustion under PLRA requires "compliance with an
14 *agency's deadlines and other critical procedural rules*," emphasis added).  Available remedies
15 "need not meet federal standards, *nor must they be plain, speedy, and effective*."  *Porter v.*
16 *Nussle*, 534 U.S. 516, 524 (2002) (emphasis added, quotations omitted).

17       Thus, a policy and procedure setting forth "the requirements that inmates must follow in
18 order to properly submit and appeal grievances," pursuant to the PLRA's administrative
19 exhaustion requirement, **is not a policy amounting to "promulga[tion] [of] delay and denial**
20 **of treatment**," as Plaintiff alleges.  TAC, ¶¶ 40-42.  Therefore it could not have **caused** the
21 alleged violation of Plaintiff's Eighth Amendment constitutional rights.  Plaintiff's assertions
22 that "[w]ith Plaintiff required to follow the custodial policies of Defendants for care and
23 treatment . . . Defendants violate Mr. Cook's Eighth Amendment protection against cruel and
24 unusual punishment," and the "policies for requesting medical care and/or administrative
25 grievances associated with requested medical care is also unconstitutional," simply cannot
26 support a *Monell* claim here.  TAC, ¶¶ 60, 67.  Otherwise, every institution that implements
27 custodial policies regarding procedures for inmate grievances, or requests for medical care,
28 could be sued for violating the constitutional rights of inmates who prefer to receive or grieve

medical care by way of a different procedure.

Indeed, Plaintiff readily admits that the policies referenced in the TAC are *only* alleged because Plaintiff **has yet "to secure the actual policies and procedures governing the series of events that gave rise to this suit**. . . . Plaintiff will obtain the policies and procedures through formal discovery and thereafter move for leave to amend." TAC, ¶ 43 (emphasis added).[5] As this Court noted in its Order granting the County's motion to dismiss the SAC, "[w]hile the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, *that is nonetheless the burden of plaintiffs in federal court*." Doc. No. 24 at 9:1-3 (quoting *Roy v. Contra Costa Cnty.*, No. 15-CV-02672-THE, 2016 U.S. Dist. LEXIS 1285, at *11 (N.D. Cal. Jan. 5, 2016), emphasis added). "Such a burden is especially important here, where it is facially implausible that the County maintains an official, County-sanctioned policy to ignore discharge instructions and deny inmates' necessary medical care." Order, Doc. No. 24 at 9:4-6. As Plaintiff fails to identify any specific policies regarding denial of inmates' medical care, his *Monell* claim based on said theory fails.

To the extent Plaintiff attempts to assert a *Monell* theory based on a purported longstanding **custom or practice**, the claim fails because the TAC identifies only a single alleged instance of deliberate indifference to an inmate's medical needs, i.e., Plaintiff being deprived of proper medical care following Plaintiff's slip-and-fall accident on September 26, 2014. "Absent a formal governmental policy, a plaintiff must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Frary v. Cnty. of Marin*, 81 F. Supp. 3d 811, 834 (N.D. Cal. 2015) (quoting *Trevino v. Gates*,

---

[5] The TAC references numerous attempts made by Plaintiff's counsel and his staff "**during pre-suit investigation**" to obtain policies and information from County departments between ***January 8, 2016 and March 31, 2016***. *See* TAC, ¶¶ 32-38. The County, and thereby all of its relevant departments, have been represented by counsel in this action since November 6, 2015. Clearly then, the time period of January 8, 2016 to March 31, 2016, could not be "pre-suit investigation." Plaintiff has not made any formal written discovery request for any relevant policies from the County Counsel's Office. Plaintiff's inability to obtain what he believes are the relevant policies, is through no fault of Defendant or its counsel, as implied in the TAC. *See* TAC, ¶ 43 ("Plaintiff's efforts to secure the actual policies and procedures . . . have been rebuffed by all entities contacted during pre-suit investigation.").

99 F.3d 911, 918 (9th Cir. 1996)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*. . . ." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff vaguely alleges two other incidents involving him from August 2012. Plaintiff alleges that, apparently while he was an inmate somewhere, he was exposed to toxic smoke from the Chevron Refinery on August 6, 2012, and that he was "never evaluated for his medical complaint" following that incident. TAC, ¶ 48. And he alleges that on August 9, 2012, a nurse observed that he did not look healthy, concluded that he was having a heart attack, and the nurse then administered pills and Plaintiff was rushed to the hospital via ambulance. TAC, ¶ 49. Those allegations do not show any County "custom or practice" of deliberate indifference to the medical needs of inmates. First, Plaintiff does not allege what correctional facility "never evaluated his medical complaint" from the alleged exposure to the toxic smoke, and second, the nurse involved in the second incident is alleged to have actually provided medical care and Plaintiff was "rushed to the hospital." *See* TAC, ¶¶ 48-49. Even assuming Plaintiff is referring to a Contra Costa County Sheriff's correctional facility, the allegations are insufficient to impose *Monell* liability. *See Trevino, supra*, 99 F.3d at 918 (requires more than isolated or sporadic incidents); *see also Meehan v. L.A. Cnty.*, 856 F.2d 102, 107 (9th Cir. 1988) (proof of two incidents of unconstitutional conduct, standing alone, is not sufficient to establish custom).

Further, the TAC references the case of *Moffett v. Gonzalez, supra*, in which Plaintiff *alleges* that *Moffett* found that Contra Costa County interfered with an inmate's request for medical services. TAC, ¶ 72. Plaintiff's allegation is not accurate. The *Moffett* court simply held that on a motion to dismiss, because of different versions of events, it was "compelled to accept Plaintiff's allegations that he attempted to exhaust his administrative remedies . . . but was thwarted in doing so." *Moffett, supra*, 2014 U.S. Dist. LEXIS 18598, at *14. As Plaintiff

readily alleges in the TAC, the issue was not whether the County had a policy or practice of deliberate indifference to the medical needs of inmates, or whether there even was deliberate indifference in that case, but whether the inmate exhausted his administrative remedies. TAC, ¶ 72; *Moffett*, 2014 U.S. Dist. LEXIS, at *13-14. As noted above, exhaustion of administrative remedies is a different issue than a request for, denial of, or deliberate indifference to, medical treatment.

Accordingly, no factual content is alleged in the TAC to bring Plaintiff's *Monell* claim based on any custom or practice of deliberate indifference to inmate medical needs, from conceivable to plausible.[6]

To the extent Plaintiff asserts a *Monell* theory based on **inadequate training or failure to supervise**, the TAC fails to allege any facts that – if proven – would show "that the deficiency in training actually caused" the alleged conduct, or that any failure to supervise was so inadequate as to constitute deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 391 (1989); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). "Mere negligence in training or supervision [] does not give rise to a *Monell* claim." *Dougherty*, 654 F.3d at 900. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citations omitted). And "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*; *see also Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014) (plaintiff must allege facts to show County disregarded known or obvious consequences that omission in training program would cause violation of constitutional rights). Indeed, "absent evidence of a

---

[6] Similarly, Plaintiff's allegation of "a course of inaction" fails to state a plausible *Monell* claim. If relying on a policy or custom of inaction, a plaintiff must still show the inaction amounts to a deliberate failure to protect constitutional rights, and that said failure was the moving force behind the violation. *Frary, supra*, 81 F. Supp. 3d at 834-35. To show causation, a plaintiff must show any alleged deficiency in a policy is closely related to the ultimate injury, and that the injury would have been avoided had proper policies been implemented. *Id.* at 835. Plaintiff fails to meet that burden in his TAC.

program-wide inadequacy in training, any shortfall in a single officer's training can only be classified as negligence on the part of the municipal defendant – a much lower standard of fault than deliberate indifference." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007) (citations and quotations omitted).

Here, the only allegations of inadequate training or supervision are wholly conclusory. *See* TAC, ¶¶ 68, 73, 77. Other than boilerplate allegations of "deliberate indifference," Plaintiff fails to plead any **facts** to show a pattern of injuries causally linked to inadequate training, to show the policymakers' actual knowledge of violations, or to show approval of an inadequate training program. *Monell* liability cannot be based on such flimsy allegations. *Iqbal*, 556 U.S. at 679. Therefore, Plaintiff's *Monell* claim based on a purported inadequate training or supervision theory fails.

To the extent Plaintiff asserts a *Monell* theory based on **ratification**, that theory also fails. "To show ratification, a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Here, the TAC again alleges, verbatim from the SAC, that "Defendants Livingston, Brooks, Schuler, O'Mary, [and] Goldstein [] tacitly encouraged, ratified and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of constitutional rights." *See* TAC, ¶ 76. That conclusory allegation, and the TAC as a whole, fails to include any facts identifying a final policymaker, or showing their knowledge and approval of any alleged constitutional violation by defendants herein. "To hold [public entities] liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law [creating an] end run around *Monell*." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010) (quotations omitted).

Finally, the insufficiency of the TAC, like the FAC and SAC before it, is most obvious with respect to the requirement of pleading **facts** to show that a policy or custom was the **"moving force" or cause** behind the alleged constitutional injury. Without facts alleging a "direct causal link" between a policy or custom and the alleged constitutional violation, a

plaintiff cannot state a *Monell* claim.  *Brown*, 520 U.S. at 404; *Tuttle*, 471 U.S. at 823 (holding that "[a]t the very least there must be an affirmative link between the policy and the particular constitutional violation alleged").

With respect to the causation element, Plaintiff alleges that:

- "The policies of said Defendants were a direct and proximate cause of Plaintiff's injuries in that said Defendants failed to adequately train and supervise their employees . . . [and] failed to promulgate policies or procedures . . . to prevent this incident." TAC, ¶¶ 68, 73, 77.

- "As a direct and proximate result of the aforementioned customs, policies and/or practices of said Defendants, Plaintiff suffered injuries and damages as alleged herein." TAC, ¶¶ 69, 74, 78.

The Ninth Circuit affirmed the dismissal of equally conclusory allegations in *Dougherty v. City of Covina*, holding that:

> Here, Dougherty's *Monell* and supervisory liability claims lack any factual allegations that would separate them from the "formulaic recitation of a cause of action's elements" deemed insufficient by *Twombly*. *See* 550 U.S. at 555. Regarding the *Monell* claim, Dougherty alleged only that (1) "Defendant CITY's policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case[]" and (2) "Defendant CITY's policies and/or customs were the moving force and/or affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby."

*Dougherty, supra*, 654 F.3d at 900.  Thus, the *Dougherty* court found that the complaint was implausible on its face because it "lacked any factual allegations . . . demonstrating that [the] constitutional deprivation was the result of a custom or practice [] or that the custom or practice was the 'moving force' behind [the] constitutional deprivation." *Id.* at 900-01. Plaintiff's TAC here is similarly deficient.

## VI. CONCLUSION

As set forth above, the TAC still does not state a plausible Section 1983 *Monell* claim against the County under any theory.  Accordingly, the first, second, third and fourth claims for relief against the County should all be dismissed with prejudice, and without further leave to amend.

///

///

DATED: April 21, 2016                        SHARON L. ANDERSON, County Counsel

                                                     By: _____*/s/*_____
                                                         NIMA E. SOHI
                                                         Deputy County Counsel
                                                         Attorneys for Defendant
                                                         COUNTY OF CONTRA COSTA