1  SHARON L. ANDERSON (SBN 94814)
   County Counsel
2  NIMA E. SOHI (SBN 233199)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, Ninth Floor
4  Martinez, California 94553
   Telephone:   (925) 335-1800
5  Facsimile:   (925) 335-1866
   Electronic Mail: nima.sohi@cc.cccounty.us
6
   Attorneys for Defendants
7  DAVID O. LIVINGSTON,
   MATTHEW SCHULER, LT. CRAIG BROOKS,
8  ELENA O'MARY, and DAVID GOLDSTEIN

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  DAVID COOK,                          No. C15-05099 TEH

14              Plaintiff,               DEFENDANTS DAVID O. LIVINGSTON,
                                         MATTHEW SCHULER, LT. CRAIG
15  v.                                   BROOKS, ELENA O'MARY, AND DAVID
                                         GOLDSTEIN'S NOTICE OF MOTION
16  COUNTY OF CONTRA COSTA;              AND MOTION TO DISMISS ALL CLAIMS
    Contra Costa County Sheriff DAVID O. IN PLAINTIFF'S THIRD AMENDED
17  LIVINGSTON; Contra Costa County      COMPLAINT AGAINST THEM;
    Assistant Sheriff MATTHEW            MEMORANDUM OF POINTS AND
18  SCHULER; West County Detention       AUTHORITIES
    Facility Commander LT. CRAIG
19  BROOKS; West County Detention        [Fed. R. Civ. P. 12(b)(6)]
    Facility Nursing Director ELENA
20  O'MARY; Chief Medical Officer of
    Contra Costa Regional Medical Center
21  and West County Detention Facility   Date:    December 5, 2016
    Medical Director DAVID GOLDSTEIN,    Time:    10:00 a.m.
22  and DOES I to XX, inclusive,         Crtrm:  2, 17th Floor
                                         Judge:  Hon. Thelton E. Henderson, Presiding
23              Defendants.
                                         Date Action Filed:  May 5, 2015
24                                       Trial Date:  None Assigned

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ISSUES TO BE DECIDED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE TAC. . . . . . . . . . . . . . . . . 3

IV.     LEGAL STANDARD.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.      LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      The First Claim For Relief Fails Because Plaintiff (1) Does Not Allege
                Any Personal Participation By Any Of The Named Defendants In The
                Alleged Eighth Amendment Violation, And (2) Fails To Sufficiently Plead
                A Deliberate Indifference Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      The Fourth Claim For Relief Fails Because Plaintiff Fails To State A
                Supervisory Claim Against Any Defendant In Their Individual Capacity. . . . . 7

                1.      Plaintiff fails to plead facts to show any defendant's personal
                        involvement in the purported constitutional deprivations. . . . . . . . . . . . 8

                2.      Plaintiff fails to plead facts to show a plausible causal link between
                        any defendant's alleged failure to supervise and the alleged
                        constitutional violation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.      None of the Individually Named Defendants Are Liable in Their Official
                Capacity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        D.      Plaintiff's State Law Causes Of Action Are Barred By The Tort Claims
                Act Because They Diverge From The Government Tort Claim Filed
                By Plaintiff.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        E.      Even If Plaintiff's State Law Causes Of Action Were Not Barred By The
                Tort Claims Act, They Each Fail To State Facts Sufficient To State A
                Claim For Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        F.      Further Leave To Amend Should Not Be Granted. . . . . . . . . . . . . . . . . . . . . . 16

VI.     CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1

## <u>TABLE OF AUTHORITIES</u>

2

## <u>Cases</u>

3  *Alston v. Cnty. of Sacramento*, 2012 U.S. Dist. LEXIS 95494
(E.D. Cal. July 10, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4
*Anderson v. Tamalpais Cmty. Servs. Dist.*, 2009 U.S. Dist LEXIS 103692
5  (N.D. Cal. Sept. 30, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6  *Anderson v. Warner*, 451 F.3d 1063 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

8  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . 4

9  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

10  *Blair v. Superior Court*, 218 Cal. App. 3d 221 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . 13

11  *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . 9

12  *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917 (9th Cir. 2013). . . . . . . . . . . . . . . 5

13  *Broughton v. Cutter Labs.*, 622 F.2d 458 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . 6, 7

14  *Butler v. Elle*, 281 F.3d 1014 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15  *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051 (2013). . . . . . . . . . . . . . 14, 15

16  *Clement v. Cal. Dep't of Corr.*, 220 F.Supp.2d 1098 (N.D. Cal. 2002). . . . . . . . . . . . . . . 6

17  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
911 F.2d 242 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
18
*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . 10
19
*Estelle v. Gamble*, 429 U.S. 97 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
20
*Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431 (1988). . . . . . . . 13
21
*Farmer v. Brennan*, 511 U.S. 825 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
22
*Frary v. Cnty. of Marin*, 81 F.Supp.3d 811 (N.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . . 15
23
*Goodfellow v. Ahren*, 2014 U.S. Dist. LEXIS 42397 (N.D. Cal. Mar. 26, 2014). . . . . . . . . 10
24
*Graham v. Connor*, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
25
*Guevara v. Marriott Hotel Servs.*, 2013 U.S. Dist LEXIS 38847
26  (N.D. Cal. Mar. 20, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

27  *Horn v. State of Cal.*, 2005 U.S. Dist. LEXIS 28265 (E.D. Cal. Nov. 16, 2005). . . . . . . . . . 15

28  *Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Larez v. City of L.A.*, 946 F.2d 630 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Luke v. Abbott*, 954 F. Supp. 202 (C.D. Cal. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Moss v. U.S. Secret Service* 711 F.3d 941 (9th Cir. 2013).. . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nelson v. State of California*, 139 Cal. App. 3d 72 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ortez v. Washington Cnty.*, 88 F.3d 804 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Papasan v. Allain*, 478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985). . . . . . . . . . . . . 7

*Silva v. City of San Leandro*, 744 F. Supp. 2d 1036 (N.D. Cal. 2010). . . . . . . . . . . . . . . . . . 8

*Sims v. Lopez*, 2012 U.S. Dist. LEXIS 14896 (E.D. Cal. Feb. 7, 2012). . . . . . . . . . . . . . . . . 15

*Stevenson v. S.F. Housing Authority*, 24 Cal. App. 4th 269 (1994). . . . . . . . . . . . . . . . . . . . 13

*Stockett v. Assoc. of Cal. Water Agencies Joint Powers Authority*,
34 Cal. 4th 441 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993 (N.D. Cal. 1996). . . . . . . . . . . . . . . . . . . . 11

*Vance v. Peters*, 97 F.3d 987 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Watson v. State of Cal.*, 21 Cal. App. 4th 836 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*West v. Atkins*, 487 U.S. 42 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wheat v. Cnty. of Alameda*, 2012 U.S. Dist. LEXIS 38472 (N.D. Cal. Mar. 21, 2012). . . . . 12

*Wood v. Moss*, 134 S. Ct. 2056, 188 L. Ed. 2d 1039 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes and Rules**

42 United States Code Section 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

California Code of Civil Procedure Section 340.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

California Code of Civil Procedure Section 364. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

California Government Code Section 845.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

California Government Code Section 910. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Government Code Section 945.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Government Code Section 945.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Government Code Section 950.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

1   <u>**NOTICE OF MOTION AND MOTION**</u>

2   **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that on Monday, December 5, 2016, at 10:00 a.m., or as soon

4   thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate

5   Avenue, San Francisco, California, Defendants DAVID O. LIVINGSTON, MATTHEW

6   SCHULER, LT. CRAIG BROOKS, ELENA O'MARY, and DAVID GOLDSTEIN[1] will and

7   hereby do move this Court for an order under Federal Rule of Civil Procedure 12(b)(6)

8   dismissing all claims for relief asserted against them in the Third Amended Complaint because

9   they fail to allege sufficient facts to state a claim for relief.

10        This motion is supported by this notice, the memorandum of points and authorities, all

11   the papers and records on file in this action, and such other materials as may be submitted at or

12   before the hearing on the motion.

13   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

14   **I.      INTRODUCTION**

15        Plaintiff David Cook's ("Plaintiff") Third Amended Complaint ("TAC") asserts state

16   and federal causes of action against Defendants Sheriff David O. Livingston, Assistant Sheriff

17   Matthew Schuler, Lt. Craig Brooks, Nursing Director Elena O'Mary, and Chief Medical

18   Officer David Goldstein (collectively "Defendants"), arising out of a slip-and-fall accident on

19   September 26, 2014, at the West County Detention Facility ("WCDF").  Specifically, Plaintiff

20   brings a Section 1983 claim for deliberate indifference to his medical needs under the Eighth

21   Amendment, a Section 1983 claim for supervisory liability, and state law causes of action for

22   failure to summon medical care and medical malpractice.

23        Plaintiff's TAC still falls short of stating any plausible claim against the individual

24   defendants, just as it failed against the County of Contra Costa ("County").  The Section 1983

25   claims fail because Plaintiff fails to allege any facts to show personal participation by any of

26

27        [1] This Court dismissed Defendant County of Contra Costa from the action, with
28   prejudice, on June 21, 2016.  *See* ECF Doc. No. 38.

---

the individual defendants in any alleged constitutional violation.  Moreover, the TAC fails to allege sufficient facts to state any deliberate indifference claim.  The state law claims fail because, as this Court already ruled, they are barred by the California Tort Claims Act.[2]

Plaintiff has now failed in four attempts to state any plausible claim against the County defendants.  Accordingly, the individual defendants respectfully request that the Court dismiss all causes of action against them with prejudice, and without further leave to amend.

## II.    ISSUES TO BE DECIDED

1.    Does the first claim for relief under 42 U.S.C. § 1983 against Defendants, for deliberate indifference to medical needs under the Eighth Amendment, fail to allege facts to establish any personal participation by the named defendants in the alleged constitutional violation?

2.    Does the first claim for relief under 42 U.S.C. § 1983 against Defendants, fail to allege facts to establish a deliberate indifference to medical needs claim under the Eighth Amendment?

3.    Does Plaintiff's fourth claim for relief under 42 U.S.C. § 1983 fail to allege sufficient facts to properly state a supervisory claim against any Defendant?

4.    Must the first, second, third and fourth claims for relief under 42 U.S.C. § 1983 against Defendants in their official capacities be dismissed?

5.    Are the fifth and sixth claims for relief against Defendants barred under California law because, as this Court already ruled, Plaintiff did not allege any facts in his government tort claim relating to a (1) failure to summon medical care claim, or (2) medical malpractice claim?

---

[2] This Court dismissed the same state law claims against the County, with prejudice, in its Order granting the motion to dismiss the second amended complaint ("SAC").  *See* ECF Doc. No. 24 at 5:1-6:28.  But Plaintiff included those identical state law claims again in the TAC, asserted against only the individual defendants, and not the County.  As set forth in Section V.D. of this brief, *infra*, the state law claims in the TAC against the individual defendants are barred for the same reasons as they were barred against the County in the SAC. Namely, Plaintiff's government tort claim did not include any factual allegations to put the County or its employees on notice of any failure to summon medical care or medical malpractice causes of action.

1    6.    Does the fifth claim for relief against Defendants fail under California law

2   because under the facts alleged, the Defendants are immune from liability for any alleged

3   failure to summon medical care?

4    7.    Does the sixth claim for relief against Defendants fail under California law

5   because Plaintiff fails to plead requisite procedural facts to state a medical malpractice claim?

6   **III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE TAC**

7    On September 26, 2014, while incarcerated at the WCDF in Richmond, California,

8   Plaintiff slipped and fell on a staircase. TAC, ¶¶ 3, 19, 22 (Doc. No. 28). Following the fall,

9   Deputy D. Chilimodos attended to Plaintiff and reported that Plaintiff was complaining of

10  pain, and Chilimodos observed that Plaintiff's left eye was swollen and there was blood on his

11  cheek. TAC, ¶ 23. Deputy Chilimodos called a Code Two Medical Assistance. TAC, ¶ 24.

12  In response, Lt. Bonthron, Sgt. Terrill, and medical staff (Eurydice, Dora, Karen) arrived. *Id.*

13  An AMR ambulance was requested, and Plaintiff was transported to Contra Costa Regional

14  Medical Center. TAC, ¶ 25. Deputy Chilimodos then investigated the cause of the fall and

15  discovered some unknown liquid material on the stairs. TAC, ¶ 26.

16   At the Regional Medical Center, a CT of the facial bone and head was ordered, and

17  Plaintiff was diagnosed with eye injuries. TAC, ¶ 27. Upon discharge from the Regional

18  Medical Center, Medical Center staff noted some instructions if Plaintiff experienced certain

19  symptoms. TAC, ¶ 3. WCDF medical staff did not communicate discharge instructions or

20  medical requirements to custodial officers at the WCDF. *Id.* On September 29, 2014, while

21  incarcerated, Plaintiff underwent eye surgery to repair a detached retina by Dr. Goldberg of the

22  Bay Area Retina Associates. TAC, ¶ 29. Plaintiff received further medical treatment for the

23  injuries sustained on September 26, 2014, through visits to the Regional Medical Center on

24  September 30, 2014, November 6, 2014, December 23, 2014, and February 23, 2015.

25  TAC, ¶ 28. As this Court correctly noted, "[n]otably, the last two visits occurred after Plaintiff

26  was released from WCDF" on December 16, 2014. *See* ECF Doc. No. 24 at 2 n.4; TAC, ¶ 18.

27   Although the timing is unclear, Plaintiff alleges that, while recovering from the subject

28  incident, he complained of swelling and pain to his face, cheek bone, and eye, and submitted

1   several requests for pain medicine which were denied on a number of occasions.  TAC, ¶ 30.

2   Between September 2014 and November 2014, Plaintiff filed 11 grievances for medical care

3   that were ignored or never acted on.  TAC, ¶ 53.  At some unspecified date, Plaintiff was also

4   denied a second surgery in San Pablo, California, because it was considered a "cosmetic

5   surgery."  TAC, ¶ 54.  Plaintiff asserts four claims for relief under Section 1983, and two state

6   law claims, against the individual defendants in their individual and official capacities.  This

7   Court already dismissed all of those claims with prejudice, against the County.

8   **IV.    LEGAL STANDARD**

9        Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and

10   granted when the complaint fails "to state a claim upon which relief may be granted."

11   Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

12   theory or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police*

13   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended), *abrogated on other grounds by Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).  When granting a motion to dismiss, a

15   court is not required to grant leave to amend if amendment would be futile.  *Cook, Perkiss &*

16   *Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

17        In order to survive a motion to dismiss, a plaintiff must allege facts that are enough to

18   raise his right to relief "above the speculative level."  *Twombly*, 550 U.S. at 555.  All material

19   allegations in the complaint will be taken as true and construed in the light most favorable to

20   the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A complaint must

21   offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause

22   of action will not do."  *Twombly*, 550 U.S. at 555.   "[C]ourts 'are not bound to accept as true a

23   legal conclusion couched as a factual allegation.'"  *Id.* (quoting *Papasan v. Allain*, 478 U.S.

24   265, 286 (1986)).  If a plaintiff's allegations do not bring his "claims across the line from

25   conceivable to plausible, [his] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  "A

26   claim has facial plausibility when the plaintiff pleads factual content that allows the court to

27   draw the reasonable inference that the defendant is liable for the misconduct alleged."

28   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1   **V.      LEGAL ARGUMENT**

2          **A.      The First Claim For Relief Fails Because Plaintiff (1) Does Not Allege Any
3                    Personal Participation By Any Of The Named Defendants In The Alleged
                     Eighth Amendment Violation, And (2) Fails To Sufficiently Plead A
                     Deliberate Indifference Claim.**
4

5          Section 1983 is not itself a source of substantive rights, but merely provides a vehicle

6   for a plaintiff to bring federal statutory or constitutional challenges to actions by state and local

7   officials. *Graham v. Connor*, 490 U.S. 386, 393-394 (1989); *Anderson v. Warner*, 451 F.3d

8   1063, 1067 (9th Cir. 2006). To state a claim under Section 1983, a plaintiff must allege that

9   the defendant acted under color of state law and deprived plaintiff of a federal or constitutional

10  right. *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim against a defendant in his

11  individual capacity, a plaintiff must allege specific facts linking the individual defendant to a

12  constitutional violation personal to him. *Ortez v. Washington Cnty.*, 88 F.3d 804, 809 (9th Cir.

13  1996).

14         "Section 1983 creates a cause of action based on personal liability and predicated upon

15  fault; thus, liability does not attach unless the individual defendant caused or participated in a

16  constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Courts

17  routinely grant motions to dismiss complaints that fail to allege personal participation by the

18  named defendants. *See, e.g., Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th

19  Cir. 2013) (dismissing "complaint [that] does not contain any specific factual allegations

20  regarding [defendant's] involvement in the actions giving rise to this lawsuit"); *Anderson v.

21  Tamalpais Cmty. Servs. Dist.*, 2009 U.S. Dist LEXIS 103692, at *10-11 (N.D. Cal. Sept. 30,

22  2009) (dismissing claims because the complaint "does not specify [defendant's] participation

23  in plaintiff's claimed constitutional violations").

24         Here, Plaintiff's first claim for relief under Section 1983 is for deliberate indifference to

25  serious medical needs, under the Eighth Amendment. He names as defendants Sheriff

26  Livingston, Assistant Sheriff Schuler, Lt. Brooks, Nursing Director O'Mary, and Medical

27  Director Goldstein. It is well established that a prison official's deliberate indifference to an

28  inmate's serious medical needs constitutes cruel and unusual punishment in violation of the

1   Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  However, not every

2   prisoner claim of inadequate medical treatment states a violation of the Eighth Amendment.

3   *Id.* at 105.  To state a Section 1983 medical claim, a plaintiff must prove: (1) a "serious

4   medical need" by demonstrating that the failure to treat the condition could result in further

5   significant injury or the "unnecessary and wanton infliction of pain," and (2) that the

6   defendant's response was "deliberately indifferent."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

7   Cir. 2006), *overruled on other grounds*; *Estelle*, 429 U.S. at 104-06.

8          To act with deliberate indifference, a prison official must both know of and disregard

9   an excessive risk to inmate health; "the official must both be aware of facts from which the

10  inference could be drawn that a substantial risk of serious harm exists, and he must also draw

11  the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the

12  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or

13  possible medical need, and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.

14  Deliberate indifference may also be shown when a prison official intentionally denies, delays,

15  or interferes with medical treatment or by the way prison doctors respond to the prisoner's

16  medical needs.  *Jett*, 439 F.3d at 1096; *Estelle*, 429 U.S. at 104-05.

17         Deliberate indifference is a higher standard than negligence or lack of ordinary due care

18  for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  Indeed, "[n]either negligence nor gross

19  negligence will constitute deliberate indifference."  *Clement v. Cal. Dep't of Corr.*, 220

20  F.Supp.2d 1098, 1105 (N.D. Cal. 2002) (citing *Farmer*, 511 U.S. at 835-36; *see also*

21  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference,"

22  "negligence," or "medical malpractice" do not support a claim under section 1983).  "[A] mere

23  'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate

24  indifference.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  And a mere delay in

25  medical care, without more, is insufficient to state a claim against prison officials for

26  deliberate indifference.  *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

27  (9th Cir. 1985).  The indifference must be substantial and must rise to a level of "unnecessary

28  and wanton infliction of pain."  *Estelle*, 429 U.S. at 105-06; *Broughton*, 622 F.2d at 460.

1    Here, for example, Plaintiff alleges (1) that he was denied pain medication and a

2  subsequent surgery, (2) that discharge instructions were ignored, and (3) that he did not receive

3  medical care in a timely fashion.  None of the above allegations, or any of the TAC's

4  allegations, are directed towards the named defendants, Livingston, Schuler, Brooks, O'Mary

5  or Goldstein.  The TAC's allegations do not show any defendant's personal involvement in the

6  alleged constitutional deprivations.  Indeed, Plaintiff does not assert that any defendant was

7  present or that any defendant took any specific actions relating to the "deliberately indifferent"

8  medical care he alleges he received or did not receive while in the custody of the Sheriff's

9  Office.  Further, the TAC's conclusory allegations do not rise to the level of "deliberate

10  indifference" or "unnecessary and wanton infliction of pain."  Indeed, the TAC also alleges

11  that Plaintiff received medical care, including a surgery, while incarcerated.  Accordingly, the

12  first claim for relief under Section 1983 for violation of the Eighth Amendment must be

13  dismissed against all Defendants.

14         **B.    The Fourth Claim For Relief Fails Because Plaintiff Fails To State A
              Supervisory Claim Against Any Defendant In Their Individual Capacity.**
15

16    Plaintiff's fourth claim for relief, brought under Section 1983, alleges supervisory

17  liability against defendants Livingston, Schuler, Brooks, O'Mary, and Goldstein.  Under

18  Section 1983, "[a] supervisor may be liable [in his individual capacity] . . . only if there exists

19  either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient

20  causal connection between the supervisor's wrongful conduct and the constitutional violation."

21  *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (citations and quotations omitted).

22  Accordingly, an individual capacity claim under Section 1983 is legally deficient unless it

23  alleges a "causal connection" or "personal involvement" with respect to the supervisor.  *Id.*;

24  *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (requiring allegations of "integral

25  participation" in the alleged constitutional violation).

26  //

27  //

28  //

_____

1

### 1.   Plaintiff fails to plead facts to show any defendant's personal involvement in the purported constitutional deprivations.

2

3    In *Ashcroft v. Iqbal, supra*, the Supreme Court specifically addressed supervisor

4    liability in the context of Section 1983.  556 U.S. at 675-78.  The Court noted that since

5    "[g]overnment officials may not be held liable for the unconstitutional conduct of their

6    subordinates under a theory of *respondeat superior* . . . a plaintiff must plead that each

7    Government-official defendant, through the official's own individual actions, has violated the

8    Constitution."  *Id.* at 676.  Thus, the Court rejected the argument that "a supervisor's mere

9    knowledge of his subordinate's" actions is sufficient to allege Section 1983 liability against a

10   supervisor in his individual capacity.  *Id.* at 677.  Indeed, "the term 'supervisory liability' is a

11   misnomer," because "each Government official, his or her title notwithstanding, is only liable

12   for his or her own misconduct."  *Id.* at 692-93.

13   Thus, Plaintiff must allege some facts indicating a supervisor's own participation in the

14   alleged constitutional deprivation.  *See Alston v. Cnty. of Sacramento*, 2012 U.S. Dist. LEXIS

15   95494, at *9-13 (E.D. Cal. July 10, 2012) (applying *Iqbal* pleading standards and granting

16   defendants' motion to dismiss supervisory liability claim because plaintiff failed to allege any

17   personal participation and thus no causal link between supervisors' conduct and the

18   subordinates' actions); *Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal.

19   2010) (dismissing civil rights claim for unlawful arrest and detention because defendant "was

20   not involved in the . . . arrest or detention").

21   As shown above, Plaintiff fails to plead any facts to show any named defendants

22   participated in the alleged constitutional deprivation.

23

### 2.   Plaintiff fails to plead facts to show a plausible causal link between any defendant's alleged failure to supervise and the alleged constitutional violation.

24

25   Under the second prong of supervisor liability identified in *Jeffers*, a supervisor may

26   also be liable under Section 1983 if a sufficient causal connection can be established between

27   the supervisor's wrongful conduct and the constitutional violation.  *Jeffers*, 267 F.3d at 915.

28   //

1    In *Moss v. U.S. Secret Service*, the Ninth Circuit held that while plaintiff protestors pled

2  sufficient facts alleging excessive force was used against them under the Fourth Amendment,

3  they failed to establish the supervisors' roles in the use of excessive force.  711 F.3d 941, 968

4  (9th Cir. 2013), *overruled on other grounds by Wood v. Moss*, 134 S. Ct. 2056, 188 L. Ed. 2d

5  1039, 1049, 1055, n.3 (2014).  In analyzing the protestors' complaint, the Ninth Circuit

6  recognized that while a "supervisor [need not be] physically present when the injury occurred

7  . . . plaintiffs nevertheless must allege *some* culpable action or inaction for which a supervisor

8  may be held liable." *Id.* (citations and quotations omitted).

9    "In particular, [the protestors] do not allege that the supervisors directed or approved

10  the tactics - the shoving, use of clubs, and shooting of pepper spray bullets - employed by the

11  officers in moving the protestors." *Id.*  Further, the plaintiffs failed to allege "facts . . . about

12  the officers' training or supervision, nor do they specify in what way any such training was

13  deficient."  *Id.*  Indeed, for a supervisor to be liable for a subordinate's [actions], the plaintiff

14  must show that the supervisor "set in motion a series of acts by others, or knowingly refused to

15  terminate a series of acts by others, which he knew or reasonably should have known, would

16  cause others to inflict the constitutional injury."  *Blankenhorn v. City of Orange*, 485 F.3d 463,

17  485 (9th Cir. 2007).

18    Here, Plaintiff alleges the following about Defendants' supervisory roles and "actions":

19  (1) Sheriff Livingston, Lt. Brooks and Assistant Sheriff Schuler were responsible for training

20  and supervision of Sheriff's Department and/or West County Detention Facility employees,

21  including "Does I through X" or "Does I through XXX"; (2) Nurse Director O'Mary and

22  Medical Director Goldstein were "personally responsible for promulgation of policies and

23  procedures and allowance of the practices/customs pursuant to which the acts or omissions

24  alleged herein were committed"; (3) Defendants and "DOES XXI through XXX tacitly

25  encouraged, ratified and/or approved of the acts and/or omissions alleged herein, and knew

26  that such conduct was unjustified and would result in violations of constitutional rights;" and

27  (4) "[t]he customs, policies and/or practices of said Defendants were a direct and proximate

28  cause of Plaintiff's injuries in that said Defendants failed to adequately train and supervise

1   their employees and/or agents to prevent the occurrence of the constitutional violations . . .

2   Said Defendants also failed to promulgate appropriate policies or procedures or take other

3   measures to prevent this incident."  TAC, ¶¶ 7-11, 57, 76-77.

4         Aside from those conclusory allegations, Plaintiff fails to sufficiently plead any factual

5   content establishing how any of the individual defendants, as "supervisors," took culpable

6   action or inaction which resulted in Plaintiff's purported constitutional deprivations.  There are

7   no facts showing that any defendant (1) participated in any constitutional violation; (2)

8   directed his or her subordinates to act in a way to violate the constitution; (3) had knowledge

9   of any constitutional violation; or (4) implemented or approved or failed to promulgate any

10   policy, custom or practice that caused the violation.  This Court already found that the TAC

11   fails to sufficiently show that any policies, customs or practices caused any alleged

12   constitutional violation.  *See* ECF Doc. No. 38.

13         Plaintiff's allegations that defendants "failed to train" or "supervise" their subordinates

14   and thus "caused" Plaintiff's injuries are conclusory, and insufficient to state a plausible claim

15   or raise his right to relief "above the speculative level."  *See Goodfellow v. Ahren*, 2014 U.S.

16   Dist. LEXIS 42397, at *25 (N.D. Cal. Mar. 26, 2014) (dismissing supervisory claim where

17   there were no factual allegations showing the sheriff *caused* plaintiff's injuries); *Dougherty v.*

18   *City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (affirming dismissal of supervisory liability

19   claim where plaintiff "pointed to no instances of deliberate indifference").

20         Accordingly, Plaintiff's Section 1983 supervisory liability claim against Defendants

21   Livingston, Schuler, Brooks, O'Mary and Goldstein must be dismissed.

22         **C.    None of the Individually Named Defendants Are Liable in Their Official**
           **Capacity.**

23

24         The TAC names David Livingston, Matthew Schuler, Craig Brooks, Elena O'Mary, and

25   David Goldstein as defendants in their individual and official capacities.  TAC, ¶¶ 7-11.  "A

26   suit against a governmental officer in his official capacity is equivalent to a suit against the

27   governmental entity itself."  *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991).  "For this

28   reason, when both an officer and the local government entity are named in a lawsuit and the

1   officer is named in official capacity only, the officer is a redundant defendant and may be

2   dismissed." *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. Cnty. of*

3   *Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996)).  "Section 1983 claims against

4   government officials in their official capacities are really suits against the governmental

5   employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d

6   1014, 1023 n.8 (9th Cir. 2002).

7          Here, the County of Contra Costa was a named defendant in the same TAC which is the

8   subject of this motion.  Thus none of the individual defendants can be named in an official

9   capacity.  "[I]t is no longer necessary or proper to name as a defendant a particular local

10  government officer acting in official capacity." *Luke*, 954 F. Supp. at 204.  "If both are

11  named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving

12  the local government entity as the correct defendant." *Id.*; *Vance*, 928 F. Supp. at 996 ("[I]f

13  individuals are being sued in their official capacity as municipal officials and the municipal

14  entity itself is also being sued, then the claims against the individuals are duplicative and

15  should be dismissed.").

16         This Court already dismissed the *Monell* claims against the County, with prejudice.

17  The fact that the County was previously dismissed with prejudice does not mean the official

18  capacity claims survive.  Plaintiff repeats the identical claims against the individual

19  defendants.  The second, third, and fourth claims for relief in the TAC, being "*Monell*" claims

20  based on policies, practices and customs, should be dismissed against the individual

21  defendants as well, whether in their official or individual capacity, as this Court found those

22  claims were deficient and not plausible.[3]  *See* ECF Doc. No. 38.

23  //

24  //

25

26         [3] It is not clear from the TAC whether the individual capacity claims are only as to the
    first claim (Eighth Amendment claim) and fourth claim (supervisory liability), or if Plaintiff is
27  also asserting individual capacity claims as to the second and third claims for relief
    (unconstitutional policies and practices).  Regardless, as shown above, all Section 1983 claims
28  for relief in the TAC are deficient and should be dismissed.

**D.    Plaintiff's State Law Causes Of Action Are Barred By The Tort Claims Act Because They Diverge From The Government Tort Claim Filed By Plaintiff.**

The state law claims in the TAC fail as a matter of law for the same reasons set forth in the County's motion to dismiss the SAC, and the Court's order granting same with prejudice. *See* ECF Doc. Nos. 14 & 24.  Namely, Plaintiff's government tort claim did not allege any facts to support a medical negligence and/or failure to summon medical care cause of action. Therefore, just as Plaintiff failed to put the County on notice of any such claims, thereby barring Plaintiff's claims against the County, the individual defendants also could not have been put on notice of any such claims, and the claims must be barred against them as well.  *See* Gov. Code, § 950.2.  "It is well settled that a government claim must be filed with the public entity before a tort action is brought against the public entity or public employee." *Watson v. State of Cal.*, 21 Cal. App. 4th 836, 843 (1993) (citing Gov. Code, § 950.2).  Thus, a complaint should attach the government tort claim or plead details of the claim, i.e., which employees were alleged in the claim to have allegedly caused the injuries and why the public entity and each employee is liable.  *Wheat v. Cnty. of Alameda*, 2012 U.S. Dist. LEXIS 38472, at *21 (N.D. Cal. Mar. 21, 2012).

Government Code section 910 governs the specific requirements for a tort claim. Among other things, Section 910 requires that a claim state: (1) the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (2) a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; and (3) the name of the public employee who caused the injury, if known.

Compliance with the Tort Claims Act includes that the subsequently filed complaint conform to the presented claim.  *Stockett v. Assoc. of Cal. Water Agencies Joint Powers Authority*, 34 Cal. 4th 441, 447 (2004).  As noted by the California Supreme Court in *Stockett*, "section 945.4 requires *each cause of action* to be presented by a claim complying with section 910."  *Id.* (emphasis added).  In other words, "[i]f a plaintiff relies on more than one theory of recovery against the [governmental agency] . . . the complaint is vulnerable to [dismissal] if it

1    alleges a factual basis for recovery which is not fairly reflected in the written claim." *Fall*

2    *River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431, 434 (1988) (citations

3    and quotations omitted). That is because the purpose of the claim is to present sufficient detail

4    "to reasonably enable the public entity to make an adequate investigation of the merits of the

5    claim and to settle it without the expense of a lawsuit." *Blair v. Superior Court*, 218 Cal. App.

6    3d 221, 225 (1990) (citations and quotations omitted).

7        In *Fall River*, a student was injured when entering a campus building through a steel

8    door that closed hard enough to cause injury. *Fall River, supra*, 206 Cal. App. 3d at 434.

9    Plaintiff filed his original complaint after his claim was rejected, setting forth two causes of

10   action: dangerous condition of public property and negligence. *Id.* Eight months later,

11   plaintiff filed an amended complaint adding a third cause of action for negligent failure to

12   supervise students. *Id.* The Court held the divergence between the claim and the amended

13   complaint was too great – that the complaint alleged liability on an entirely different factual

14   basis than what was set forth in the tort claim. *Id.* at 435-36; *see also Nelson v. State of*

15   *California*, 139 Cal. App. 3d 72, 79-81 (1982) (dismissal of amended complaint sustained on

16   appeal; facts alleged in prisoner's tort claim for medical malpractice did not correspond to

17   facts alleged in amended complaint for negligent failure to summon medical care).[4]

18       Here, the government tort claim filed by Plaintiff included "claims" for breach of

19   fiduciary duty; failure to provide a "safe environment that would not cause injury to the

20   claimant"; negligence by creating an environment of risk of harm to the claimant by not having

21   adequate policies for deputies to supervise workers cleaning the module; and negligence in

22   providing inadequate slippers which "are dangerous to wear." *See* ECF Doc. No. 16-1 at 4

23   (Exh. A to Boyd Decl. in support of RJN, filed on January 22, 2016). In the tort claim,

24   _____

25       [4] Another line of cases hold that a variance between the facts stated in the tort claim and
     those alleged in the complaint is not fatal where the "apparent differences between the
26   complaint and the claim were merely the result of plaintiff's addition of factual details or
     additional causes of action," or where the complaint does not constitute a "complete shift in
27   allegations." *Stevenson v. S.F. Housing Authority*, 24 Cal. App. 4th 269, 277 (1994). As
     shown herein, however, and as this Court already found, Plaintiff's tort claim is not sufficiently
28   related to the claims in the TAC.

1   Plaintiff also simply described the "type of claim" as "personal injury - slip [and] fall - stairs."

2   *Id.* at pg. 3.

3       Plaintiff's TAC (and the SAC before it), however, focuses on alleged events that took

4   place after the accident, namely, failure to summon medical care and negligent medical care.

5   A violation of Government Code section 845.6 for failure to summon medical care, and a

6   claim for medical malpractice, are two distinct causes of action.  *See Castaneda v. Dep't of*

7   *Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1061 (2013) (citations omitted).  This Court noted in

8   its order granting the County's motion to dismiss the SAC that:

9       Plaintiff's tort claim does not allege any events following the fall, nor does it
    name any of the WCDF medical staff. . . . Plaintiff's SAC does not merely provide

10       a fuller exposition of the factual basis in the tort claim, but rather is based on an
    entirely different set of facts, concerning a different set of actors and setting forth

11       different, unrelated causes of action.  A tort claim that is entirely focused on
    adequacy of footwear and maintenance of property to prevent slip-and-fall

12       accidents could not conceivably put a defendant on notice that a plaintiff would
    sue for the failure to provide medication and/or surgery.  This is especially true

13       where, as here, the alleged failure to furnish medical care and medical malpractice
    claims are based on acts or omissions that occurred days – if not weeks – after the

14       accident occurred, and were not alleged anywhere in the tort claim.

15   ECF Doc. No. 24 at  5:21-22, 6:14-22 (citations and quotations omitted).

16       The fifth and sixth causes of action in the TAC are therefore both barred under

17   California law and should be dismissed with prejudice.[5]

18       **E.**    **Even If Plaintiff's State Law Causes Of Action Were Not Barred By The**
    **Tort Claims Act, They Each Fail To State Facts Sufficient To State A**

19       **Claim For Relief.**

20       Plaintiff brings the fifth cause of action for "failure to furnish/summon medical care,"

21   under California Government Code section 845.6.  Section 845.6 provides that:

22   //

23   //

24   ────────────────

25       [5] The state law claims may also be barred because they were not brought within six
months of the rejection of Plaintiff's government tort claim, as required under the Tort Claims

26   Act.  *See* Gov. Code, § 945.6(a)(1).  Plaintiff's accident occurred on September 26, 2014, he
filed a tort claim on or about September 29, 2014, and the claim was rejected and notice sent on

27   November 4, 2014.  Plaintiff filed the original complaint on May 5, 2015, and the FAC on
September 10, 2015.  Plaintiff filed the SAC on January 9, 2016, alleging medical malpractice

28   and failure to summon medical care for the first time.

1

> Neither a public entity nor a public employee is liable for injury proximately
> caused by the failure of the employee to furnish or obtain medical care for a
> prisoner in his custody; but, except as otherwise provided by Sections 855.8
> and 856, a public employee, and the public entity where the employee is acting
> within the scope of his employment, is liable if the employee knows or has
> reason to know that the prisoner is in need of immediate medical care and he
> fails to take reasonable action to summon such medical care.

2

3

4

5  Gov. Code, § 845.6; *see also Castaneda, supra*, 212 Cal. App. 4th at 1070.

6      "California courts have narrowly interpreted section 845.6 to create limited liability []."

7  *Frary v. Cnty. of Marin*, 81 F.Supp.3d 811, 842 (N.D. Cal. 2015) (citing *Castaneda*).

8  "Liability under section 845.6 is limited to serious and obvious medical conditions requiring

9  immediate care," and requires "*actual or constructive knowledge* that the prisoner is in need of

10  *immediate* medical care." *Frary*, 81 F.Supp.3d at 842; *see also Jett, supra*, 439 F.3d at 1099

11  (citations omitted).

12      Here, the TAC alleges that medical care was indeed summoned by jail officials

13  immediately after Plaintiff's injury on September 26, 2014, and medical care was also

14  immediately provided, as well as over a period of time.  There are no facts alleged to show that

15  after the initial injury, when care was summoned, any subsequent medical need was either

16  "immediate," or that any *defendant* had "actual or constructive knowledge" that Plaintiff was

17  in need of immediate medical care.  Thus, under the facts alleged, the individual defendants, as

18  County employees, are immune from liability under Government Code section 845.6, and the

19  fifth cause of action fails as a matter of law.  "Section 845.6 provides both public entities and

20  employees immunity where they fail to furnish or obtain medical care for a prisoner, other than

21  when the prisoner is in need of immediate medical care." *Sims v. Lopez*, 2012 U.S. Dist.

22  LEXIS 14896, at *9 (E.D. Cal. Feb. 7, 2012) (citations and quotations omitted); *see also Horn*

23  *v. State of Cal.*, 2005 U.S. Dist. LEXIS 28265, at *8-9 (E.D. Cal. Nov. 16, 2005) (granting

24  motion to dismiss section 845.6 claim where there were no facts pled that defendants were

25  aware of need for immediate medical care).

26      The sixth cause of action for medical malpractice fails because (1) medical malpractice

27  claims under California law must be brought within one year after the plaintiff discovers the

28  injury (*see* Civ. Proc. Code, § 340.5); and (2) Plaintiff does not allege that he met the

requirements of California Code of Civil Procedure section 364, which states that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Civ. Proc. Code, § 364(a).  The notice must notify the defendant of the legal basis of the claim, including with specificity the nature of the injuries suffered.  Civ. Proc. Code, § 364(b).  As noted above, Plaintiff's government tort claim fails to provide any notice of a medical malpractice claim, and Plaintiff does not allege that he provided any other notice.

### F.    Further Leave To Amend Should Not Be Granted.

Plaintiff has now had three attempts to amend the complaint to state a plausible claim against the County defendants.  Plaintiff named the individual defendants for the first time in his SAC, filed on January 9, 2016.  Plaintiff never served the individual defendants with the SAC.  After the Court granted the County's motion to dismiss the SAC, Plaintiff filed the operative TAC on March 31, 2016.  Summons was not issued as to the individual defendants until August 10, 2016.  Plaintiff did not "serve" the individual defendants with a summons and the TAC until August 26, 2016, when defense counsel received waiver of service of summons forms, with the TAC and summons.  This was more than two months after the Court had granted the County's motion to dismiss the TAC, with prejudice, and ordered that Plaintiff serve the TAC on the remaining defendants "forthwith."  *See* ECF Doc. No. 38 at 8:21-22.

If Plaintiff had been more diligent in serving all defendants, the defendants, including the County, could have filed one collective motion to dismiss the SAC and TAC, the Court could have issued one order on said motions, and Plaintiff could have amended all claims as to all defendants at that time.  Instead, we are now dealing with the individual defendants' first motion to dismiss.  Plaintiff has had sufficient opportunities to amend and cure the complaint's fatal deficiencies.  As this is Plaintiff's fourth attempt to state a plausible claim, and he has delayed in serving the individual defendants and moving this case forward, the TAC should be dismissed without further leave to amend.  *See Guevara v. Marriott Hotel Servs.*, 2013 U.S. Dist LEXIS 38847, at *28-29 (N.D. Cal. Mar. 20, 2013) (denying leave to amend due to delays and adequate opportunity for prior amendments).

1

## VI.    CONCLUSION

2        Plaintiff has now made four attempts to state a plausible claim against the Contra Costa

3   County defendants.  Plaintiff has had adequate opportunity to state sufficient facts to state a

4   claim against the County defendants, and it is clear Plaintiff will not be able to do so.  The

5   TAC and all claims for relief must be dismissed with prejudice, and without further leave to

6   amend.

7

8   DATED: October 25, 2016              SHARON L. ANDERSON
                                         COUNTY COUNSEL
9

10

11                                       By: _____/s/_____
                                              NIMA E. SOHI
12                                            Deputy County Counsel
                                              Attorneys for Defendants
13                                            DAVID O. LIVINGSTON, MATTHEW
                                              SCHULER, LT. CRAIG BROOKS, ELENA
14                                            O'MARY, and DAVID GOLDSTEIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28