UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID COOK,

               Plaintiff,

      v.

DAVID O'LIVINGSTON, et al.,

               Defendants.

Case No. 15-cv-05099-TEH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

      This matter came before the Court on February 13, 2017 for a hearing on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. After carefully considering the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for the reasons set forth below.

**BACKGROUND**

      On September 26, 2014, while incarcerated at the West County Detention Facility ("WCDF") in Richmond, California, Plaintiff David Cook ("Plaintiff") slipped and fell on a spilled substance on a stairway. Third Amended Complaint ("TAC") ¶¶ 19, 22. He fell face-first and suffered major injuries to his left eye and surrounding tissues, as well as trauma to his head and face. *Id.* ¶ 3. He was taken to the Contra Costa Regional Medical Center, where he was treated and discharged with instructions to seek immediate care if he experienced persistent or worsening symptoms. *Id.* Plaintiff alleges that in the months following the injury, employees at WCDF and the main detention facility in Martinez denied his requests for medication and a second surgery, causing permanent damage to his left eye. *Id.* ¶¶ 46-58.

      Plaintiff initially filed his complaint in state court on May 14, 2015, in pro per. Removal Notice at 1 (Docket No. 1). After he retained counsel, the action was removed to this Court on November 6, 2015. *Id.* at 2. Since then, this Court has ruled on three motions

to dismiss and has dismissed with prejudice Plaintiff's state and federal law claims against the County of Contra Costa. Orders on Motions to Dismiss (Docket Nos. 12, 24, 38). The Third Amended Complaint currently before this Court alleges six causes of action: four arise under 42 U.S.C. § 1983 ("Section 1983") for deliberate indifference to medical needs in violation of the Eight Amendment, and two are state law tort claims for negligent medical care.

Only individual defendants remain in this action. The named defendants are: the County Sheriff David O'Livingston, Assistant County Sheriff Matthew Schuler, WCDF Commander Lieutenant Craig Brooks, WCDF Nursing Director Elena O'Mary, and WCDF Medical Director David Goldstein. TAC ¶¶ 6-11. Defendants whose identities are unknown are listed as Doe defendants: Does I through X—employees of the County and Sheriff's Department who denied Plaintiff's requests for medical care; Does XI through XX—employees of the County, the Sheriff's Department and Correctional Health Services who acted in supervised capacity; and Does XXI through XXX—other employees of the same three agencies. *Id.* ¶¶ 12-14.The named defendants are sued in their individual and official capacities.

Defendants moved to dismiss the TAC on October 25, 2016. Motion to Dismiss ("Mot.") (Docket No. 49). Plaintiff timely opposed, and Defendants timely replied. Opposition ("Opp'n") (Docket No. 50); Reply (Docket No. 51).

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content

United States District Court
Northern District of California

1  that allows the court to draw the reasonable inference that the defendant is liable for the

2  misconduct alleged." *Id.*

3    In ruling on a motion to dismiss, a court must "accept all material allegations of fact

4  as true and construe the complaint in a light most favorable to the non-moving party."

5  *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not,

6  however, "bound to accept as true a legal conclusion couched as a factual allegation."

7  *Iqbal*, 556 U.S. at 678. The non-moving party must provide "more than labels and

8  conclusions, and a formulaic recitation of the elements of a cause of action will not do."

9  *Twombly*, 550 U.S. at 555.

10    A court may deny leave to amend "if amendment of the complaint would be futile."

11  *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). However, dismissal should be with

12  leave to amend unless it is clear that amendment could not possibly cure the complaint's

13  deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

14

15  **DISCUSSION**

16  **I.    Plaintiff Has Failed to Sufficiently Plead All But One of His Section 1983**

17  **Causes of Action.**

18    To state a claim under Section 1983, the complaint must plead facts showing: "that

19  a person acting under color of state law committed the conduct at issue, and that the

20  conduct deprived the claimant of some right, privilege, or immunity protected by the

21  Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir.

22  1988). All four Section 1983 claims allege violations of the Eighth Amendment.

23  Defendants move to dismiss on the basis that Plaintiff has failed to state facts linking the

24  named defendants to the alleged constitutional violation. Mot. at 5-11. Further, Defendants

25  argue that none of the named defendants are liable in their official capacity. *Id.* at 15-16.

26    As a preliminary matter, the Court reviews the claims against Defendants in their

27  official capacity. "A suit against a governmental officer in his official capacity is

28  equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*,

3

946 F.2d 630, 646 (9th Cir. 1991) (citing *McRorie v. Shimoda*, 795 F.2d 780, 783 (1986)). When an action names as defendants a local government entity and employees of that entity in their official capacity, the claims against the individuals are duplicative and must be dismissed. *See id*. at 646-47; *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

Here, the TAC alleges Section 1983 claims against the County of Contra Costa and the named defendants both in their individual and official capacities. In its June 21, 2016 Order, the Court dismissed with prejudice all claims against the County. Order Granting County's Motion to Dismiss at 3-7 (Docket No. 38). The Court did not address the claims against any of the individual defendants who had not been served at that time. *Id*. at 8. Since "Section 1983 claims against government officials in their official capacity are really suits against the government employer itself," it would be improper for the claims against the government officials in their official capacity to survive a motion to dismiss when the claims against the County have been dismissed. *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). Although Plaintiff opposes dismissal of the official-capacity defendants, he does not provide any authority to support his position. Opp'n at 10.

The Court hereby GRANTS the motion to dismiss claims against Defendants in their official capacity. The rest of this order pertains to Plaintiff's allegations against both named and Doe defendants in their individual capacity.

## A.     First Cause of Action: Deliberate Indifference to Serious Medical Needs

The TAC states that Defendants violated Plaintiff's Eight Amendment rights when they acted with deliberate indifference to his medical needs. TAC ¶ 60. Among the general allegations of denial of medical care, there are six specific instances that Plaintiff claims resulted in unnecessary pain and lasting damage to his left eye.[1]

---

[1] Plaintiff attempts to introduce new factual allegations through a declaration filed with his opposition to the present motion. Opp'n at 4-5; Cook Decl. ¶¶ 5-15. These facts are irrelevant to Plaintiff's remaining claims, in addition to being improperly pleaded. *See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 780 F. Supp. 2d 1061, 1075 n.10 (D.

United States District Court
Northern District of California

United States District Court
Northern District of California

First, on September 26, 2016, after discharge from the Contra Costa Regional Medical Center, Plaintiff "complained of pain and swelling to his left eye;" contrary to his doctor's discharge instructions, he was not returned to the Center for follow-up care. *Id*. ¶ 46. Second, on September 28, 2014, two days after the fall and shortly before Plaintiff was transferred from WCDF to the main detention facility in Martinez, "Plaintiff asked for his medicated eye drops." *Id*. ¶ 50. His request was "summarily denied by the unknown deputy" who had told him earlier that day that he was a WCDF "reject" and needed to pack his belongings for transfer. *Id*. Third, after the transfer, Plaintiff once again asked for his medication and complained of pain and eye discomfort. *Id*. ¶ 51. Plaintiff's request and pleas for help were "ignored" while he waited in an intake room for approximately 10-13 hours without food and pain medication. *Id*. Fourth, on the following day, Plaintiff told an unidentified deputy that his medical needs required him to have a room on the first floor; the deputy denied Plaintiff's request, responding that "he runs his module his way." *Id*. ¶¶ 52, 61. Fifth, in the three months after the fall, Plaintiff filed eleven grievances for medical care that were allegedly never answered. *Id*. ¶ 53. Lastly, at an unspecified time, Plaintiff was denied a second surgery and subsequently lost 70% of eyesight in his left eye. *Id*. ¶ 54.

Defendants move to dismiss Plaintiff's first cause of action on the grounds that he did not allege Defendants' personal involvement in the alleged deprivations and that his allegations do not rise to the level of "unnecessary and wanton infliction of pain." Mot. at 5-7.

Deliberate indifference to a prisoner's serious medical needs violates the Eight Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a Section 1983 medical claim, a plaintiff must show: (1) "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain,"

---

Haw. 2011) (citation omitted) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Court will not consider material beyond the pleadings in ruling on the present motion.

and (2) that the defendant's response was "deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *overruled on other grounds*. The second prong is satisfied by showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Id*. Under this standard, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'"[2] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the named defendants are government officials in leadership positions within the county jail and custodial medical care system. Plaintiff has not alleged any facts suggesting that they personally caused the harm he suffered. He has not alleged that any of them knew of Plaintiff's injuries or that they disregarded a risk to his health and safety. Defendants are correct that absent specific instances of deprivation chargeable to any of the named defendants, the first cause of action against those defendants should be dismissed. *See Farmer*, 511 U.S. at 843 (reiterating that "prison officials who lack[ ] knowledge of a risk cannot be said to have inflicted punishment.")

The TAC does, however, state a plausible claim for relief against Doe defendants I through X, the individuals who "failed to respond to Plaintiff's requests for medical care." TAC ¶ 12. First, Plaintiff has shown that he experienced a serious medical need, not just immediately after the fall when he was taken to a medical center but also in the weeks and months following initial treatment. Diagnosed with three fractures of his left eye orbital, a detached eye retina, and a broken cheek bone, Plaintiff alleges that he continued to experience pain for months after the initial fall. TAC ¶¶ 3, 46, 50-54. Considering the serious nature of his injuries, it is certainly plausible that the failure to provide proper follow-up care resulted in "unnecessary and wanton infliction of pain" and could have

---

[2] The standard of deliberate indifference requires actual or constructive knowledge consistent with the criminal law standard of recklessness—it is not enough to say that a person *should have* been aware of the risk. *See Farmer*, 511 U.S. at 836-37; *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001).

United States District Court
Northern District of California

1    contributed to the lasting damage of his left eye. *See Colwell v. Bannister*, 763 F.3d 1060

2    (9th Cir. 2014) (citing *McGuckin v. Smith,* 974 F.2d 1050, 1059-1060 (9th Cir.1991))

3    (holding that indications of a serious medical need include "[t]he existence of an injury

4    that a reasonable doctor or patient would find important and worthy of comment or

5    treatment; the presence of a medical condition that significantly affects an individual's

6    daily activities; or the existence of chronic and substantial pain.")

7        Second, the TAC contains sufficient factual allegations to show that the Doe

8    defendants acted with deliberate indifference when they refused to give Plaintiff his

9    prescription medication. During each of the six instances listed above, Plaintiff informed

10   "unknown" custodial and medical staff of his medical condition and asked for his

11   medication. TAC ¶¶ 45-58. These individuals allegedly knew of Plaintiff's injuries and

12   disregarded the risk to his health by ignoring his pleas for medication. The law is well

13   settled that prison officials act with deliberate indifference when they ignore the

14   instructions of a prisoner's treating physician and thus "intentionally interfere with …

15   treatment once prescribed." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999)

16   (citing *Estelle*, 429 U.S. at 104-105).

17       Doe pleading is accepted in this circuit and is appropriate in this case. Where, as

18   here, "the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a

19   complaint[,] the plaintiff should be given an opportunity through discovery to identify the

20   unknown defendants, unless it is clear that discovery would not uncover the identities, or

21   that the complaint would be dismissed on other grounds." *Id.* at 1163 (citing *Gillespie v.*

22   *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The identities of the responsible Doe

23   defendants here can and should be uncovered through discovery.

24       Accordingly, Defendants' motion to dismiss the first cause of action is GRANTED

25   WITH PREJUDICE as to the named defendants and DENIED as to Doe defendants I

26   through X. The parties are ordered to commence discovery of all facts relevant to the first

27   cause of action against Doe defendants I through X. Once Plaintiff learns the identities of

28   the Doe defendants through discovery, he shall file a final amended complaint. Plaintiff is

advised to frame the complaint with clear and concise averments, stating which defendants ignored Plaintiff's pleas for medical care on which specific occasions.

### B.   Second and Third Causes of Action: Unconstitutional Policy and Practice

The TAC alleges that Defendants instituted an unconstitutional policy and practice of delaying and denying medical care to detainees. TAC ¶¶ 67, 72. Defendants argue that these claims should be dismissed against the individual defendants for the same reason they were dismissed against the County: the allegations in the complaint are insufficient to state a claim under Section 1983 on the basis that a policy, practice or custom was the moving force behind the violation of Plaintiff's rights. Mot. at 11.

At the February 12, 2017 hearing, Plaintiff attempted to reargue his already dismissed claim that a de facto policy of delaying and denying treatment to inmates was the cause of Plaintiff's injuries. He relied on an order by Judge Gonzalez-Rogers in *Moffett v. Gonzalez*, insisting that other judges have found the County of Contra Costa liable for interfering with inmates' requests for medical services. No. 12-CV-4359 (YGR) (N.D. Cal. Feb. 13, 2014). Plaintiff's reliance on *Moffett* is misguided: the issue before Judge Gonzalez-Rogers was whether defendants, Contra Costa Sheriff's deputies, had prevented the plaintiff-inmate from exhausting his administrative remedies, not whether the deputies or Contra Costa County had violated the inmate's Eight Amendment's rights. *Id*. at 8.

Plaintiff further cited to a Third Circuit decision finding deliberate indifference "where prison officials erect arbitrary and burdensome procedures that 'result[ ] in interminable delays and outright denials of medical care to suffering inmates.'" *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citing *Todaro v. Ward,* 565 F.2d 48, 53 (2d Cir. 1977). While the Court agrees with Plaintiff that burdensome procedure which cause the delay and denial of medical care can constitute deliberate indifference, the Court has already ruled that Plaintiff has failed to plead the existence of such unconstitutional procedures here. In its June 21, 2016 order, the

8

United States District Court
Northern District of California

1    Court dismissed with prejudice the *Monell* claims against the County, holding that Plaintiff

2    has not pleaded an unconstitutional policy, practice or custom. Order Granting County's

3    Motion to Dismiss at 3-7 (Docket No. 38). The Court found that the grievance policy that

4    Plaintiff adopted by reference to *Scott v. Contra Costa Cty. Sheriff's Dep't of Martinez*

5    *Det. Facility*, 2013 WL 3354245 (N.D. Cal. July 1, 2013) was not the cause of Plaintiff's

6    injury. *Id.* at 4-5. The Court further found that the incidents Plaintiff alleged were not

7    similar enough in nature to constitute a "longstanding practice or custom which constitutes

8    the standard operating procedure of the local government entity." *Id.* at 6 (citing *Frary v.*

9    *Cty. of Marin*, 81 F. Supp. 3d 811, 834 (N.D. Cal. 2015)). The same scarce and formulaic

10   allegations that did not suffice to state claims for unconstitutional policy and practice

11   against the County are equally insufficient to state the same claims against the individual

12   defendants.

13        Defendants' motion to dismiss the second and third causes of action against all

14   individual Defendants is hereby GRANTED. Because Plaintiff has had three opportunities

15   to allege sufficient facts under this theory of liability, it is clear that amendment would not

16   cure the deficiencies; therefore, dismissal is with prejudice.

17

18        **C.      Fourth Cause of Action: Supervisory Liability**

19        The TAC states that the Defendants Livingston, Brooks, Schuler, O'Mary,

20   Goldstein and Does XXI through XXX "encouraged, ratified and/or approved of the acts

21   and/or omissions" of the deputies and medical care staff who denied Plaintiff's requests for

22   medication. TAC ¶ 76. Defendants argue that the TAC fails to plead a supervisory claim

23   against the individual defendants because Plaintiff's allegations are conclusory and

24   insufficient to establish a causal link between the supervisor's conduct and the alleged

25   violation. Mot. at 7-10.

26        Section 1983 does not allow imposition of vicarious liability; a supervisor may be

27   liable under Section 1983 "only if there exists either: (1) his or her personal involvement in

28   the constitutional deprivation, or (2) a sufficient causal connection between the

9

United States District Court
Northern District of California

1 | supervisor's wrongful conduct and the constitutional violation." *Jeffers*, 267 F.3d at 915.

2 | Stated differently, a supervisor can be liable "for his own culpable action or inaction in the

3 | training, supervision, or control of his subordinates; for his acquiescence in the

4 | constitutional deprivation; or for conduct that showed a reckless or callous indifference to

5 | the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citing *Watkins v.*

6 | *City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998)).

7 |         Here, the TAC alleges that Defendants ratified the conduct of their subordinates and

8 | that they knew such conduct "would result in violations of constitutional rights." TAC

9 | ¶ 76. But Plaintiff has not presented any factual content whatsoever to substantiate those

10 | allegations. Plaintiff has not alleged facts showing that any of the individual defendants

11 | personally participated in the deprivation by, for instance, denying Plaintiff's requests for

12 | medication or directing their subordinates to do so. Nor has Plaintiff established the

13 | requisite causal connection by alleging that: (a) the supervisory defendants were present at

14 | the scene of the violation and failed to intervene (*see e.g.*, *Maxwell v. County of San*

15 | *Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013)); (b) the supervisory defendants knew the

16 | deputies involved in Plaintiff's case, were on notice that the deputies had been indifferent

17 | to the medical needs of other inmates in the past, and failed to discipline them (*see e.g.*,

18 | *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007)); or (c) the supervisory

19 | defendants were aware of prior incidents of deliberate indifference not committed by the

20 | deputies involved in Plaintiff's case but widespread enough that the supervisors' inaction

21 | showed callous indifference to the rights of inmates (*see e.g.*, *Starr*, 652 F.3d at 1209-17).

22 |         Absent any specific facts about the supervisory defendants, Defendants are correct

23 | that the allegations in the complaint are conclusory and formulaic. Allegations that

24 | Defendants must be responsible simply because of their roles or positions within the

25 | facilities are insufficient to raise Plaintiff's right to relief "above the speculative level." *See*

26 | *Goodfellow v. Ahren*, 2014 WL 1248238, at *7 (N.D. Cal. March 26, 2014) (citing

27 | *Twombly*, 550 U.S. at 555).

28 |         At the February 13, 2017 hearing, Plaintiff was given an opportunity to explain how

he would amend his supervisory liability claim if granted leave to amend. Instead of proposing specific amendments that would make his allegations less conclusory, Plaintiff argued that he has already stated a supervisory claim. He claimed that Deputy Chilimodos, the deputy who summoned medical care after the fall, should be held liable for directing an inmate not to clean the spilled substance that caused Plaintiff's fall and that Sheriff O'Livingston should in turn be responsible for Chilimodos' inaction. Deputy Chilimodos is not a defendant in this action and Plaintiff's federal claim is not based on liability for the slip-and-fall accident. As stated above, Sheriff O'Livingston cannot be held liable simply for being a supervisor. *See Goodfellow,* 2014 WL 1248238, at *7 (dismissing claim against sheriff where there were no factual averments that he participated in, directed or knew of conditions in Santa Rita jail).

    For the foregoing reasons, Defendants' motion to dismiss the fourth cause of action is GRANTED. Given that Plaintiff did not propose any amendments that would cure the deficiencies of the complaint, the Court finds that amendment would be futile and dismisses the claim with prejudice.

## II.    State Law Causes of Action Are Barred by the Tort Claims Act.

    Defendants argue that Plaintiff's state law causes of action for medical negligence and failure to summon medical care are barred by the Tort Claims Act. Mot. at 12-13. Plaintiff's government tort claim consisted of allegations about the conditions that caused Plaintiff's fall, not allegations about the inadequate medical care that Plaintiff received following the fall. Order Granting Motion to Dismiss SAC at 5 (Docket No. 24). Plaintiff submits that the additional theories he alleged regarding medical care have the same factual foundation as those presented in the government tort claim. Opp'n at 10-11.

    Plaintiff ignores this Court's ruling in the March 10, 2016 order dismissing the state law claims against the County. This Court held that the complaint does not merely provide a "fuller exposition of the factual basis" in the tort claim, but is based on an entirely different set of facts, concerning a different set of actors and setting forth different,

unrelated causes of action. Order Granting Motion to Dismiss SAC at 6 (citing *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.,* 34 Cal. 4th 441, 446 (2004)); *see also Fall River Joint Unified School District. v. Superior Court*, 206 Cal. App. 3d 43, 435 (1988) (dismissing plaintiff's claim where it "patently attempt[ed] to premise liability on an entirely different factual basis than what was set forth in the tort claim."). A tort claim that is entirely focused on adequacy of footwear and maintenance of property to prevent slip-and-fall accidents could not conceivably put a defendant on notice that a plaintiff would sue for the failure to provide medication and surgery. Just as Plaintiff failed to put the County on notice of Plaintiff's medical care claims, Plaintiff also failed to put the individual defendants on notice.

The Court therefore GRANTS Defendants' motion to dismiss the fifth and sixth causes of action as barred by the Tort Claims Act. Because the statute of limitations has expired on the filing of Plaintiff's tort claim, the claims are dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss the TAC. The motion is DENIED as to Plaintiff's claim for deliberate indifference against Doe defendants I through X and GRANTED WITH PREJUDICE in all other respects. Plaintiff shall immediately begin discovery on the sole remaining claim and shall file an amended complaint identifying the Doe defendants on or before **April 17, 2017**. Failure to file a timely amended complaint shall result in final dismissal.

**IT IS SO ORDERED.**

Dated:  02/16/17

_____
THELTON E. HENDERSON
United States District Judge

United States District Court
Northern District of California

12